GREEN v. TURNER et al.

(Circuit Court, N. D. Iowa, C. D.　November 20, 1899.)

1. FEDERAL COURTS—EQUITY JURISDICTION.
   A legal remedy, to defeat jurisdiction of a federal court in equity, must be one existing when the judiciary act of 1789 was adopted, or thereafter created by act of congress.

2. SAME—REMEDY AT LAW.
   Jurisdiction of a federal court of an action to quiet title merely, by a resident of the state where the land is situate, against residents of other states, on whom personal service could not be had in such state, cannot be defeated on the ground of an adequate remedy at law merely because an action for possession could be maintained against tenants in possession.

3. SAME—WAIVER OF OBJECTION.
   The provision of the federal statute prohibiting resort to equity when an adequate remedy exists at law, being to preserve to the parties the right to jury trial, may be waived by complainant bringing suit in equity, and defendant answering to the merits.

In Equity.

Wright & Nugent, for complainant.
S. A. Rush, for defendants.

SHIRAS, District Judge. From the record in this case it appears that it was commenced in the district court of Pocahontas county, being in form a suit in equity to quiet the title to certain described lands in Pocahontas county; the suit being based upon the provisions of section 4223 of the Code of Iowa, which provides that an action to determine and quiet the title to realty may be brought by any one claiming an interest therein, whether in or out of possession, against any one claiming title thereto, though not in possession. In the petition of complainant it is averred that the complainant, C. W. Green, is the absolute owner in fee simple of the realty, and that he is advised that the defendants make some claim adverse to the estate of complainant; and therefore he prays that his title and estate be established against the adverse claims of the defendants, and that they be barred and estopped from having or asserting any title or right as against the estate of complainant. It is not averred in the petition that either of the parties complainant or defendant is in the actual possession of the realty; nor is it prayed that the complainant be put in possession, or that he have process in any form for that purpose. It further appears from the record that upon the filing of the petition the complainant filed an affidavit to the effect that personal service of the original notice could not be made upon the defendants within the state of Iowa, and thereupon notice of the pendency of the suit was given by publication in the Pocahontas Herald, requiring the defendants to appear at the September term, 1899, of the district court of Pocahontas county, which convened on the 18th day of that month. The defendants in due season appeared in the state court, and filed a petition for the removal of the suit into this court; averring therein that the controversy involved in amount over $2,000, exclusive of interest and costs, and was between citizens of different states,—the complainant, Green, being a citizen of Iowa, and the defendants being citizens of Nebraska and Ohio. The state court ordered the case to be removed, and, the transcript having been filed in this court, the defendants on the 17th day of October, 1899, filed an answer denying the allegations of the petition, and averring that the defendants are the absolute owners in fee simple of the realty in question, and that they have been in the sole and undisputed possession thereof for the past 35 years. Thereupon, on the 18th day of October, the complainant filed a plea in abatement of the jurisdiction of this court; averring therein that when the suit was commenced, and ever since, the defendants were and are in the actual possession of the realty through their tenants, J. N. Russell and William Mundon, and that by reason of such possession the complainant had a speedy and adequate remedy at law under section 4183 of the Code of Iowa, and therefore that this court, acting as a court in equity, has no jurisdiction of the subject-matter of the suit, to wit, the quieting of the title to the said premises, and that the suit should be remanded to the state court for trial.

Upon this condition of the record, it is clear that the state court ruled correctly in ordering a removal of the suit into this court.

When the order of removal was made, it appeared that the suit involved a controversy between a citizen of Iowa, as the plaintiff, and citizens of Nebraska and Ohio, as defendants, the amount exceeding $2,000, exclusive of interest and costs; and the suit therefore was one removable by the defendants, they being nonresidents of Iowa. The plea to the jurisdiction seems to assume that this court, sitting in equity, cannot, under the ruling of the supreme court in Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873, take jurisdiction over suits to quiet title based upon the section of the State Code, already cited; but, if this is the contention sought to be maintained, it finds no support in the ruling of the supreme court in that case. As is pointed out in the opinion the supreme court, in its rulings in Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52, Reynolds v. Bank, 112 U. S. 405, 5 Sup. Ct. 213, 28 L. Ed. 733, and Frost v. Spitley, 121 U. S. 552, 7 Sup. Ct. 1129, 30 L. Ed. 1010, had clearly recognized the doctrine that the circuit courts of the United States could entertain jurisdiction in equity over bills to quiet title when the controversy was between citizens of different states, and involved the requisite amount,—subject, however, to the exception that suits in equity shall not be maintained when there is a plain, adequate, and complete remedy at law. In Whitehead v. Shattuck the record shows that it was a suit in equity brought originally in this court; it being averred in the bill that complainant was the owner in fee of the certain lands, which were in the possession of the defendant, who claimed the same under a fraudulent and void title. To this bill the defendant demurred on the ground that the bill on its face showed that there was a complete and adequate remedy at law, in that it appeared that the defendant was in actual possession of the property, and there was nothing in the averments of the bill to show that the aid of a court of equity was needed to fully protect the rights of the plaintiff. The supreme court held that as it appeared that the remedy sought in that case was the possession and enjoyment of the land, and as the bill averred that the defendant was in possession, there was no reason shown why the remedy at law was not complete and adequate, in that an action in ejectment would fully settle both the question of title and the right to possession. Jurisdiction in equity in that case was denied, not because the courts of the United States may not take cognizance of bills to quiet title, but because it appeared that the remedy at law was complete and adequate,—a fact which will defeat jurisdiction in equity in other cases as well as those brought to quiet title. In the case now before the court, when the petition for removal was filed in the state court there was no averment in complainant's bill or in the petition for removal showing that the defendants were in possession of the land, but, on the contrary, the record showed that personal service could not be made upon them, in the state of Iowa; and, therefore, upon the record as it then was, there was nothing to show that the defendants were in the actual possession of the realty, and unless they held possession an action at law would not lie, and relief could be had only by a proceeding in equity. It is therefore clear that, as the record stood in the state court, the order for removal was properly made, in that the record

showed it to be a suit in equity pending between citizens of different states, and involving an amount in excess of $2,000, the defendants being nonresidents of Iowa; and, upon the filing of the transcript in this court, jurisdiction over the suit became full and complete.

To defeat the jurisdiction thus acquired, it is averred in the plea that the complainant, Green, when the suit was brought, had a plain, speedy, and adequate remedy at law, under the provisions of section 4183 of the Code of Iowa, for the reason that the defendants are in possession of the land in controversy through their tenants, J. N. Russell and William Mundon, against whom an action at law for possession might have been brought. To defeat jurisdiction in equity, the legal remedy must be one which was in existence when the judiciary act of 1789 was adopted, or which has since been created by act of congress. McConihay v. Wright, 121 U. S. 201, 7 Sup. Ct. 940, 30 L. Ed. 932. But assuming that the plea, although it refers to the Code of Iowa, is intended to present the question of the existence of a legal remedy under the federal practice, the point for consideration is whether the facts averred in the plea are sufficient to defeat the jurisdiction in equity. All that is pleaded is that Russell and Mundon are tenants of the defendants, and as such are in possession of the realty. Under this state of facts, it was open to the complainant, Green, under the provisions of the Code of Iowa, to have brought an action at law against Russell and Mundon for the possession of the realty, or to have brought a suit in equity to quiet the title and to recover possession, in which suit the defendants and the tenants would have been proper parties. The complainant pursued neither of these courses, but instead thereof he brought the present suit in equity, in which he prays to have his title established and quieted as against the defendants; but he does not ask to be put into possession of the realty, nor has he made parties to the suit the persons that he now avers hold the actual possession of the realty. According to his own showing, he cannot in the present suit, whether it be heard in the state or the federal court, obtain a decree putting him into possession of the realty, because the parties in actual possession are not parties to the suit, and process for possession is not prayed for in the bill. The suit, as brought, is therefore a proceeding in equity, in which the complainant asks a decree establishing his title to the land, and quieting the same as against the adverse claims of the defendants. The purpose of the bill is not to obtain possession of the land, but to quiet the title thereto as against the claims of the defendants. It is evident that the complainant did not wish to contest with the occupants of the land the right of possession until he had established his title by a decree in equity against the claims of the defendants. The record shows that the defendants are not residents of Iowa, nor could personal service of notice be had on them within the state. Had an action at law, in the nature of an action in ejectment, been brought against the defendants, personal service therein could not have been had within the state, and without such service a judgment adjudicating the title would have been of no avail. Therefore it does not appear that as against defendants there existed, under the rules of the common law, a speedy and adequate

remedy at law, in favor of complainant, by which he could establish his title as against the adverse claims of defendants. If the sole purpose had been to obtain possession of the realty, that might have been accomplished by a law action against the parties in actual possession, but the judgment at law in such case would not quiet the title of complainant as against the defendants. Under these circumstances, the complainant, as he had a right to do, resorted to the equitable remedy · provided by the statute of Iowa for the establishment of his title;. that being the only adequate remedy open to him under the facts of the case. The facts appearing of record do not show, therefore, that when this suit was brought there existed in favor of complainant such a plain, speedy, and adequate remedy at law as will defeat the jurisdiction in equity. Furthermore, the provision of the federal statute prohibiting resort to equity when an adequate remedy exists at law is intended to preserve to the parties the right to a trial by jury; but this right to a jury trial may be waived, and therefore it is the rule that, where the suit is one in which equitable relief may be granted, the objection that there is an adequate remedy at law should be presented before going into the case at large, or it may be held to have been waived. Reynes v. Dumont, 130 U. S. 354, 9 Sup. Ct. 486, 32 L. Ed. 934; Kilbourn v. Sunderland, 130 U. S. 505, 9 Sup. Ct. 594, 32 L. Ed. 1005. In this case the complainant, by bringing the suit in equity, clearly indicated that he did not wish a trial by jury; and as is said by the supreme court in Perego v. Dodge, 163 U. S. 161, 16 Sup. Ct. 971, 41 L. Ed. 813:

"Plaintiff, having voluntarily invoked the equity jurisdiction of the court, was not in a position to urge on appeal that his complaint should be dismissed because of adequacy of the remedy at law."

And the defendants, by answering to the merits, as they have done, in this court, clearly show that they do not ask a jury trial, nor do they question the jurisdiction in equity over the suit. The purpose of the plea interposed by the complainant is not to secure a jury trial on his own behalf or on that of the defendants, nor to change the jurisdiction in the case from equity to law; for the prayer of the plea is that this court will refuse to take jurisdiction in equity, because of the existence of a legal remedy, and will remand the case to the state court, in order that it may be proceeded with in that court, wherein it would remain a suit in equity. If the complainant wishes to change the jurisdiction from equity to law, he can readily do so by dismissing the bill and commencing an action at law; but instead of so doing, under the pretext that this court ought not to take jurisdiction in equity, he asks that the suit be remanded to the state court, wherein he proposes to continue the case as one of equitable cognizance. Under these circumstances, it is not open to the complainant to insist that this court should refuse to take jurisdiction in equity because, possibly, had he so chosen, he might have brought an action at law against the tenants. The purpose of the suit, as now instituted, is to quiet the title to the realty as between the conflicting claims of the plaintiff and the defendants, and it does not appear that this object could be accomplished by an action at law against the tenants. It cannot be now known, if an action at law for possession

should be brought against Russell and Mundon, whether they would rely on a lease from the defendants, or plead title from some other source, and therefore it does not appear that there is a plain and adequate remedy at law to accomplish the purpose aimed at in the present bill. The plea is therefore overruled, with leave to complainant to reply to the answer by the January rule day.