## DENISON et al. v. KECK et al.

(Circuit Court of Appeals, Eighth Circuit. April 28, 1926. Rehearing Denied July 26, 1926.)

No. 7157.

1. **Courts** ⊂⇒342.

The distinction between legal and equitable actions is preserved in the federal courts, and is fundamental, in view of Const. Amend. 7, and Judicial Code, § 267 (Comp. St. § 1244).

2. **Courts** ⊂⇒262(2)—Suit to recover possession of real estate and damages for withholding it cannot be maintained in a federal court of equity (Judicial Code, § 267 [Comp. St. § 1244]).

An action to recover possession of real estate and damages for withholding it is one at law, and excludes remedy in equity in the federal courts, under Judicial Code, § 267 (Comp. St. § 1244).

3. **Courts** ⊂⇒262(2)—Suit cannot be maintained in federal court against defendant in possession.

A suit to quiet title cannot be maintained in a federal court by a complainant out of possession against a defendant in possession, as there is adequate remedy at law.

4. **Courts** ⊂⇒262(2)—Joining cause of action for dependent equitable relief held not to give federal court jurisdiction in equity, where plaintiff out of possession.

A federal court of equity cannot be given jurisdiction of a suit to quiet title and recover possession of real estate, by a complainant out of possession against a defendant in possession, by joining a suit against a mortgagee of defendant for cancellation of his mortgage, which relief is incidental to and dependent on the establishing of complainant's title at law.

5. **Courts** ⊂⇒280—Duty of court, sua sponte, to recognize and give effect to statute excluding jurisdiction when there is an obvious remedy at law (Judicial Code, § 267 [Comp. St. § 1244]).

A defendant may waive the question of adequate remedy at law, when suit in equity is brought against him; but, the jurisdiction of a federal court of equity in such case being expressly excluded by Judicial Code, § 267 (Comp. St. § 1244), where an adequate legal remedy is obvious, it is the duty of the trial court, or of an appellate court, to raise the objection sua

sponte. and require the case to be transferred to the law side of the court.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Suit in equity by Lawrence C. Keck and others against Lincoln A. Denison and others. Decree for complainants, and defendants appeal. Reversed and remanded, with instructions.

H. M. Sinclair, of Kearney, Neb., and Forrest C. Donnell, of St. Louis, Mo. (N. P. McDonald and Ed. P. McDermott, both of Kearney, Neb., on the brief), for appellants.

Harold A. Prince, of Grand Island, Neb. (W. A. Prince, of Grand Island, Neb., and Elmer B. Jones, of Seattle, Wash., on the brief), for appellees.

Before STONE, KENYON, and BOOTH, Circuit Judges.

KENYON, Circuit Judge. Appellees (hereafter designated as complainants) brought action in April, 1923, in the District Court of the United States for the District of Nebraska, against appellants (hereafter called defendants), claiming ownership in fee simple, and the right to immediate possession, of lot 89 of the southwest quarter of School Section addition to the city of Kearney, Neb., and alleging that defendants claimed some right, title, and interest to said real estate, and were in the possession thereof. They asked to have their title quieted as against defendants Lincoln A. Denison and Corine A. Denison (his wife), and that the mortgage of John G. Lowe on said premises given by said Denisons May 17, 1922, be canceled; also asked an accounting for rents and profits from August 5, 1922, and for such equitable relief as to the court should seem proper.

The case was tried in equity, and on April 4, 1925, the court found for complainants and decreed they were the owners absolute in title fee simple of said lot 89, and quieted the title to said premises in them. All claims of defendants Lincoln A. Denison and Corine A. Denison were by said decree barred. The mortgage given by the Denisons to defendant Lowe was canceled and held for naught as to said real estate. It was further decreed that complainants became entitled to the possession of said premises on August 5, 1922, and defendants were ordered to deliver possession to them. Complainants were also awarded the sum of $1,239.25 for rents and profits.

The facts are complicated. We set forth a brief résumé thereof:

13 F.(2d)—25

Samantha Keck, the owner in fee of said lot 89, conveyed it to W. A. Goodwin, trustee, on the 13th day of June, 1889. Goodwin, on the 28th day of June, 1889, reconveyed said lot to Samantha Keck for her lifetime, remainder to the children of herself and husband. Complainants are the children of Samantha Keck. May 31, 1893, Samantha Keck conveyed lot 89 by warranty deed to the Kearney Produce Company, which company in March, 1895, conveyed the same to Nelson Perin, of Baltimore, Md. Samantha Keck and husband, on August 20, 1891, executed a mortgage on said lot and other lots to the Omaha Loan & Trust Company of Omaha, Neb., to secure the sum of $15,000. This mortgage was subsequently foreclosed, and deed issued to the Omaha Loan & Trust Company for the life estate of Mrs. Keck in lot 89. July 8, 1902, the receiver of the Omaha Loan & Trust Company conveyed all the interest of said company in said lot to W. Edwin Thorp, executor of the estate of James F. Carlisle, deceased. In September, 1903, Thorp entered into an agreement to sell the same to C. Maude Scoutt. January 3, 1899, the county treasurer of Buffalo county sold the property for delinquent taxes for the years 1895, 1896, and 1897; this delinquency occurring during the time that Perin held the title.

July 27, 1905, an action was brought in the state court to foreclose the tax lien evidenced by the certificate of purchase. Complainants were made parties defendant in that suit. H. C. Andrews had secured an assignment of the tax certificate issued to Pettibone & Nixon, and he prosecuted the tax foreclosure action. A decree was entered in this action in September, 1905, foreclosing the tax lien. Sale was had under said decree in June, 1906, and Andrews purchased the property. The sale was confirmed by the court July 24, 1906, and on the 18th day of January, 1907, the sheriff executed and delivered a deed of lot 89 to said Andrews. January 19, 1907, Andrews executed a deed of the same to defendant, Lincoln A. Denison. December 29, 1906, the Thorp contract was assigned to Denison by C. Maude Scout. This sale was finally consummated about January 1, 1907; deed being made to Denison by Thorp, executor. Denison claims to have bought the property for the sum of $24,000, and as a part of the purchase price he was to take care of the last installment of the Thorp contract. Shortly after the deed from Andrews, Denison took possession of the lot, and since said time has been in the peaceful, exclusive, and notorious possession thereof, improving it and paying

the taxes thereon, and claiming to be the owner thereof by virtue of his deeds.

[1] In the consideration of this case our attention is challenged by a question not raised in argument or in any way presented, but which we deem important, and that is whether this action is not an attempt in equity to ascertain and establish rights properly cognizable at law. The distinction between legal and equitable actions is preserved in the federal courts. It is not a trifling distinction, to be brushed aside at the whim or desire of litigants, but is a fundamental and constitutional one, arising under the Seventh Amendment to the Constitution. Section 267 of the Judicial Code (Comp. St § 1244), providing, "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law," is merely declaratory of long-established equity principles.

We turn to the pleadings to ascertain the nature of the action. The so-called bill in equity alleges that complainants are the owners in fee simple of said lot 89, and entitled to the immediate possession thereof. Their chain of title is set forth, as is also the claimed title of defendants Lincoln A. Denison and Corine A. Denison, which is based on a tax title and a deed from W. Edwin Thorp, executor, as before pointed out. An accounting for rents and profits is asked. It is also alleged that defendant Lowe has a mortgage upon said premises given by the other defendants, and refuses to cancel the same, and it is asked that the mortgage be canceled and the interests of all the defendants in the real estate be barred and that the title be quieted in complainants.

[2, 3] It is apparent that the complainant states two causes of action—one to quiet title, and the other to cancel the Lowe mortgage. The cancellation of the mortgage is properly a matter of equitable cognizance, reference to which will hereafter be made. There is nothing in any theory of a trust to sustain equity jurisdiction; the complaint stating that, while the Denisons did hold the premises in trust, "the trust has expired." We therefore have a situation presented of complainants (not in possession of the real estate), claiming the legal title thereto, bringing an action in equity to remove a cloud on the title and quiet the same in them, and to award them possession of the property as against defendants (claiming legal title and in actual possession thereof).

There is a complete and adequate remedy at law applicable to this state of affairs, and therefore the equitable action to quiet title cannot be maintained in the federal courts under the allegations of this complaint. An action for the recovery of possession of real property and damages for withholding it is one at law. Naylor et al. v. Foreman-Blades Lumber Co. et al. (D. C.) 230 F. 658; Hipp et al. v. Babin et al., 19 How. 271, 15 L. Ed. 633; United States v. Wilson, 118 U. S. 86, 6 S. Ct. 991, 30 L. Ed. 110; Whitehead v. Shattuck, 138 U. S. 146, 11 S. Ct. 276, 34 L. Ed. 873. This court frequently and in no uncertain language has announced its position on this subject.

In Stuart et al. v. Union Pac. R. Co., 178 F. 753, 756, 103 C. C. A. 89, 92, it said: "It is true, generally speaking, that in the courts of the United States a suit to quiet title cannot be maintained by a complainant who is not in possession against a defendant who is in possession, and this is so because there is a plain, complete, and adequate remedy at law." And it also said that in exceptional cases, where there is no such remedy at law, the general rule does not apply.

In Childs v. Missouri, K. & T. Ry. Co., 221 F. 219, 221, 136 C. C. A. 629, 631: "It appears from the face of the bill that plaintiff is not in possession of the premises, and that the defendant is. In such a case a bill in equity to remove a cloud on the title to property does not lie in a national court, even if under the laws of the state where the lands are situated such an action may be maintained."

In Scott v. First Nat. Bank of Morris (C. C. A.) 285 F. 832, 834: "As this right to the trial of its title and right of possession rests upon the Constitution and statutes of the United States, the legislation of the state of Oklahoma cannot deprive the defendant of its right in the federal courts, and the rule and practice that a plaintiff out of possession cannot maintain in the federal courts a suit in equity against a defendant in possession of real estate to quiet the title or right of possession thereto has become established and settled beyond controversy."

Again, in Twist v. Prairie Oil & Gas Co. (C. C. A.) 6 F.(2d) 347, 349: "The equitable cause of action, though perhaps maintainable in the state court (Compiled Oklahoma Statutes 1921, c. 3, art. 14), could not be entertained in the federal court, since there was an adequate remedy at law; the plaintiffs being out of possession and defendant being in possession of the land in question." See, also, Investors' Guaranty Corporation v. Luikart (C. C. A.) 5 F.(2d) 793; McLaughlin v. St. Louis Southwestern Ry. Co., 232 F. 579, 146 C. C. A. 537.

Referring to an action to dissipate a cloud on title, the Supreme Court of the United States, in Frost v. Spitley, 121 U. S. 552, 556, 7 S. Ct. 1129, 1131 (30 L. Ed. 1010), said: "A person out of possession cannot maintain such a bill, whether his title is legal or equitable; for, if his title is legal, his remedy at law, by action of ejectment, is plain, adequate, and complete; and, if his title is equitable, he must acquire the legal title, and then bring ejectment."

In Holland v. Challen, 110 U. S. 15, 3 S. Ct. 495, 28 L. Ed. 52, a bill was filed to quiet title under a statute of Nebraska. That statute provided such action could be brought by any person, whether in possession or not, against any person claiming an adverse interest therein. Incidentally, it may be noted that is the theory of the present action; it being a Nebraska case. The Holland Case is one in which defendant was not in possession, and the Supreme Court said that, if suit were brought in the federal court under the Nebraska statute against a party in possession, "there would be force in the objection that a legal controversy was withdrawn from a court of law"; so that case is no authority for a party not in possession bringing an action to quiet title against one in possession.

In United States v. Wilson, 118 U. S. 86, 6 S. Ct. 991, 30 L. Ed. 110, the question arose on a bill quia timet to remove a cloud from a legal title. The United States claimed to own the legal title, but were kept out of possession by defendants holding adversely. It was held that the remedy of the United States was at law to recover possession and not by a bill in equity. The court (page 89 [6 S. Ct. 992]) said: "Equity in such cases has no jurisdiction, unless its aid is required to remove obstacles which prevent a successful resort to an action of ejectment, or when, after repeated actions at law, its jurisdiction is invoked to prevent a multiplicity of suits, or there are other specific equitable grounds for relief. Bills quia timet, such as this is, to remove a cloud from a legal title, cannot be brought by one not in possession of the real estate in controversy, because the law gives a remedy by ejectment, which is plain, adequate and complete."

In Whitehead v. Shattuck, 138 U. S. 146, 11 S. Ct. 276, 34 L. Ed. 873, where the Supreme Court of the state of Iowa had construed the state statute as authorizing a suit in equity to recover possession of real estate from the occupant, it was held that it did not enlarge the equity jurisdiction of the federal courts in that state, and, there being a plain, adequate, and complete remedy at law, the

bill could not be maintained in the federal court. This rule of the federal court is not set aside by state statutes or state decisions. The general doctrine, however, is so well settled and so familiar that it is needless to burden this opinion with further extracts from the decisions of the courts. See San Juan Fruit Co. v. Carrillo et al. (C. C. A.) 7 F (2d) 106; Pusey & Jones v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763; Lancaster v. Kathleen Oil Co., 241 U. S. 551, 36 S. Ct. 711, 60 L. Ed. 1161; Boston, etc., Mining Co. v. Montana Ore Co., 188 U. S. 632, 23 S. Ct. 434, 47 L. Ed. 626; Buzard v. Houston, 119 U. S. 347, 7 S. Ct. 249, 30 L. Ed. 451; Hayward v. Andrews, 106 U. S. 672, 1 S. Ct. 544, 27 L. Ed. 271.

[4] It might be suggested that, inasmuch as the relief demanded by cancellation of the mortgage was clearly of equitable cognizance, a court of equity having jurisdiction thereof could grant all the relief essential to complete justice, which would include passing on the questions of legal title and possession as incidental thereto. The situation presented, however, is exactly the opposite. The main questions relate to the legal title and right to possession. Cancellation of the mortgage is incidental thereto and dependent thereon, and can be determined in an equity action after the other questions are adjudicated at law. Buzard v. Houston, 119 U. S. 347, 7 S. Ct. 249, 30 L. Ed. 451. There is no authority in federal procedure for the joining or blending of these actions. The aid sought should be in separate proceedings. Fletcher v. Burt, 126 F. 619, 63 C. C. A. 201; Twist v. Prairie Oil & Gas Co. (C. C. A.) 6 F.(2d) 347; Thompson v. Railroad Companies, 73 U. S. (6 Wall.) 134, 18 L. Ed. 765; Hurt v. Hollingsworth, 100 U. S. 100, 25 L. Ed. 569; Buzard v. Houston, 119 U. S. 347, 7 S. Ct. 249, 30 L. Ed. 451; Cherokee Nation v. Southern Kansas Ry. Co., 135 U. S. 641, 10 S. Ct. 965, 34 L. Ed. 295; Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358.

[5] That a defendant may waive the question of an adequate remedy at law where a bill in equity is brought against him is settled. Reynes v. Dumont, 130 U. S. 354, 9 S. Ct. 486, 32 L. Ed. 934; Perego v. Dodge, 163 U. S. 160, 16 S. Ct. 971, 41 L. Ed. 113; McGowan v. Parish, 237 U. S. 285, 35 S. Ct. 543, 59 L. Ed. 955; American Mills Co. v. American Surety Co. of New York, 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306; Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763.

In Perego v. Dodge, 163 U. S. 160, 166, 16 S. Ct. 971, 974 (41 L. Ed. 113) the court

said: "Even if the action should have been an action at law, still the court had jurisdiction, and 'a defective exercise of its power would only amount to an irregularity, capable of being waived by the parties, and susceptible of correction as any other mere errors are corrected."

In Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 500, 43 S. Ct. 454, 457 (67 L. Ed. 763), the court said: "The objection that the bill does not make a case properly cognizable in a court of equity does not go to its jurisdiction as a federal court. Smith v. McKay, 161 U. S. 355 [16 S. Ct. 490, 40 L. Ed. 731]; Blythe v. Hinckley, 173 U. S. 501 [19 S. Ct. 497, 43 L. Ed. 783]. The objection may, as pointed out in Reynes v. Dumont, 130 U. S. 354, 395 [9 S. Ct. 486, 32 L. Ed. 934], be taken by the court of its own motion. But, unlike lack of jurisdiction as a federal court (Mansfield, Coldwater & Lake Michigan Ry. Co. v. Swan, 111 U. S. 379, 382 [4 S. Ct. 510, 28 L. Ed. 462]), lack of equity jurisdiction (if not objected to by a defendant) may be ignored by the court, in cases where the subject-matter of the suit is of a class of which a court of equity has jurisdiction. And where the defendant has expressly consented to action by the court, or has failed to object seasonably, the objections will be treated as waived."

No objection was raised by defendants to the jurisdiction of the court as a court of equity, and as far as they are concerned such objection was waived. The matter, therefore, reduces itself to this: Should the appellate court raise the question sua sponte?

That the parties could waive a jury trial if the case had been properly brought at law, and hence no apparent harm has resulted from the wrong procedure, is not sufficient answer to the question inherent in this proceeding, nor does it satisfy the duty of the court to recognize and preserve as far as it can the constitutional difference between law and equity actions.

As far back as Wright v. Ellison, 1 Wall. 16, 22 (16 L. Ed. 555), the Supreme Court of the United States said: "But this is a suit in equity. The rules of equity are as fixed as those of law, and this court can no more depart from the former than the latter. Unless the complainant has shown a right to relief in equity, however clear his rights at law, he can have no redress in this proceeding. In such cases, the adverse party has a constitutional right to a trial by jury. The objection is one, which though not raised by the pleadings nor suggested by counsel, this court is bound to recognize and enforce."

In Oelrichs v. Spain, 15 Wall. 211, 21 L.

Ed. 43, it was urged that the bill must be dismissed because there was a complete remedy at law. The court said that this objection must be regarded as jurisdictional, "and may be enforced by the court sua sponte, though not raised by the pleadings nor suggested by counsel."

In Lewis v. Cocks, 23 Wall. 466, 23 L. Ed. 70, the court held that, even though the objection was not made in the pleadings nor suggested by counsel, if it clearly existed, it was the duty of the court sua sponte to recognize it and give it effect.

In Reynes v. Dumont, 130 U. S. 354, 394, 9 S. Ct. 486, 32 L. Ed. 934, the court referred to the necessity of preventing matters cognizable at law from being drawn into chancery at the pleasure of the parties interested, although the court held there was a discretion in the appellate court as to whether it would consider the matter, objection not having been previously made, and held in that particular case that the objection came too late, though stating it would have been worthy of attention if taken in limine.

In Southern Pacific R. Co. v. United States, 200 U. S. 341, 26 S. Ct. 296, 50 L. Ed. 507, no objection was made to the equity jurisdiction of the court before the hearing, and the court held that it might be raised, even in the appellate court, and, if not suggested by counsel, could be enforced by the court on its own motion.

In Singer Sewing Mach. Co. v. Benedict, 229 U. S. 481, 484, 33 S. Ct. 942, 57 L. Ed. 1288, it said: "In the courts of the United States it is a guiding rule that a bill in equity does not lie in any case where a plain, adequate, and complete remedy may be had at law. The statute so declares (Rev. Stat. § 723 [now Comp. St. § 1244]), and the decisions enforcing it are without number. If it be quite obvious that there is such a remedy, it is the duty of the court to interpose the objection sua sponte, and in other cases it is treated as waived, if not presented by the defendant in limine."

In South Penn Oil Co. v. Miller et al., 175 F. 729, 99 C. C. A. 305, the Circuit Court of Appeals of the Fifth Circuit held that actions for the recovery of specific property, either real or personal, and damages in connection with its detention, could be prosecuted only on the law side and that where the suit was instituted on the equity side of the federal courts and no objection was made thereto by demurrer, plea, or answer, nor suggested by counsel, the court should on its own motion, in the discharge of a duty imposed on it, dismiss the action. See, also, Thompson v. Railroad

Companies, 73 U. S. (6 Wall.) 134, 18 L. Ed. 765; New Jersey & N. C. Land & Lumber Co. et al. v. Gardner-Lacy Lumber Co. et al., 178 F. 772, 102 C. C. A. 220; Hayward v. Andrews, 106 U. S. 672, 1 S. Ct. 544, 27 L. Ed. 271; New York Guaranty Co. v. Memphis Water Co., 107 U. S. 205, 2 S. Ct. 279, 27 L. Ed. 484; Allen v. Pullman's Palace Car Co., 139 U. S. 658, 11 S. Ct. 682, 35 L. Ed. 303.

If an objection to equitable jurisdiction in this case had been made before hearing, it would certainly have been good, and, while there is authority that the appellate court is not obliged sua sponte to raise the question, yet we think it will not be denied that it has such right, and when it is "quite obvious," as stated in Singer Sewing Mach. Co. v. Benedict, 229 U. S. 481, 33 S. Ct. 942, 57 L. Ed. 1288, that there is a plain, speedy, and adequate remedy at law, it is its duty so to do, thereby giving effect to section 267, Judicial Code. That, we think, is the situation here.

The real controversy in this case revolves around the questions of legal title and the right to possession of the real estate involved, which are questions at law. Other questions are merely incidental thereto. The character of the complaint, it is obvious, is an attempt to determine these matters by quieting title in complainants, who are not in possession, against defendants, who are. The court, sitting as a court of equity, tried an action at law. There is no reason why in the trial court the pleadings cannot be reformed and redrawn, so as to conform to federal practice, and the cause of action at law be removed to the law side of the court, and the law questions there determined; the equity questions to be determined upon the equity side.

The decree entered by the trial court is set aside, and the case remanded, with instructions to permit the pleadings to be redrawn, so that they do not blend equitable and legal matters, and so as to permit the transfer of the law questions to the legal side of the docket.

Reversed and remanded.