## JEFFERSON v. GYPSY OIL CO. et al.

Circuit Court of Appeals, Eighth Circuit.
June 8, 1928.

No. 7950.

1. Courts ⬳284—Substantial question as to construction of federal statutes is necessary to give federal court jurisdiction on that ground.

The mere statement that construction of federal statutes is involved is not sufficient to bestow jurisdiction on federal court, but dispute must involve a substantial question as to construction of federal statutes, and not a colorless or frivolous one, and it is for the court to determine from the pleadings whether question is a substantial one, or a mere makeshift, for the purpose of securing such jurisdiction.

2. Courts ⬳284—Suit to cancel incompetent adopted Indian's deeds of homestead allotment held to involve construction of federal statutes, as respects federal court's jurisdiction (Act March 1, 1901 [31 Stat. 861]; Act May 27, 1908 [35 Stat. 312]).

Suit by guardians of incompetent adopted citizen of Creek Nation of· Indians to cancel homestead deeds by her, on the ground that allotment was restricted under patent to her from government, under Act March 1, 1901 (31 Stat. 861), and Act May 27, 1908 (35 Stat. 312), held to present a federal question, involving substantial dispute respecting construction of federal statutes, so as to give federal court jurisdiction.

3. Courts ⬳280(1)—Test of federal court's jurisdiction is right to enter on inquiry and determine matter, not way court may decide question.

Test of federal court's jurisdiction, because of federal statutes involved, depends on right to enter on inquiry and determine matter in controversy, not way court may decide such question.

4. Courts ⬳365(3)—Decisions of highest state court are very persuasive, but are not controlling on federal courts in construing federal statutes.

Decisions of highest state court are very persuasive, but are not controlling on federal courts in construing federal statutes.

5.· Courts ⬳278—That trial court decided adversely to plaintiff on federal question involved held not to deprive it of jurisdiction on other issues.

· That trial court determined dispute respecting construction of federal statutes adversely to plaintiff held not to deprive it of jurisdiction to determine other issues involved, and which were ultimately controlling, though such issues

could not, perhaps, have been independently presented in federal court.

6. Courts ⬳280(10)—Objection that equity case is not presented by pleadings does not go to court's jurisdiction as federal court.

Objection that case cognizable in equity is not pleaded does not go to the jurisdiction of the court as a federal court.

7. Courts ⬳342—Distinction between legal and equitable actions is preserved in federal courts (Jud. Code, § 267 [28 USCA § 384]).

Distinction between legal and equitable actions is preserved in federal courts, being fundamental and based on Constitution and laws, of which Judicial Code, § 267 (28 USCA § 384), merely declares the long-established principle that suits in equity in federal courts shall not be maintained, where there is plain, adequate, and complete remedy at law.

8. Cancellation of instruments ⬳37(6)—Bill seeking cancellation of deeds made by, and judgment secured against, incompetent adopted Indian on ground of fraud, held to state equitable cause of action.

Bill alleging that incompetent adopted citizen of Creek Nation of Indians was fraudulently induced to execute deeds of her homestead allotment, and seeking cancellation of such deeds and oil leases thereon, and to enjoin enforcement of state court judgment against her, declaring that fee title to said allotment had been acquired by certain defendants, on ground that such judgment was obtained by fraud and collusion, held to state cause of action in equity.

9. Equity ⬳46—Legal remedy to oust equity jurisdiction, must be as certain, prompt, and effective as equitable one.

Legal remedy, to oust equity jurisdiction, must be as certain,· prompt, and effective to attain the ends of justice· as would be afforded by equity.

10. Quieting title ⬳12(3)—Rule that complainant, not in possession, cannot maintain suit to quiet title against defendant in possession, is inapplicable, where legal remedy inadequate.

The general rule is that suit to quiet title cannot be maintained in federal courts by complainant, who is not in possession, against defendant, who is in possession, because there is a plain, complete, and adequate remedy at law; but this rule does not apply, where legal remedy is inadequate.

11. Cancellation of instruments ⬳12—Plaintiff held entitled to sue in equity to cancel deeds for fraud, ejectment being unavailable.

State court judgment that certain defendants had acquired by deeds from plaintiff the fee-simple title to her homestead allotment as adopted citizen of Creek Nation of Indians held to constitute complete obstacle to any action in ejectment by plaintiff for possession of such lands, as against defendants in possession, entitling her to maintain suit in equity to restrain defendants from proceeding under such judgment, and to cancel such deeds on the ground of fraud.

**12. Courts ⬉508(3)—Complainant is entitled to appeal to equity court for relief from fraudulently obtained state court judgment.**

Complainant is entitled to appeal to court of equity for relief from judgment against her, procured by fraud, where legal remedy is unavailing.

Appeal from the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Suit by Jane Jefferson, an incompetent, by her guardians, R. C. Vincent and another, against the Gypsy Oil Company and others. Decree for defendants, and plaintiff appeals. Reversed and remanded, with directions.

Charles A. Coakley, of Tulsa, Okl. (C. B. Stuart, of Oklahoma City, Okl., E. J. Doerner, of Tulsa, Okl., and Frank F. Lamb, of Okmulgee, Okl., on the brief), for appellant.

James B. Diggs, of Tulsa, Okl. (W. C. Liedtke, Russell G. Lowe, and Redmond S. Cole, all of Tulsa, Okl., C. L. Billings, of Oklahoma City, Okl., and West, Gibson, Sherman, Davidson & Hull, and John Rogers, all of Tulsa, Okl., on the brief), for appellees.

Before KENYON, Circuit Judge, and SCOTT and SYMES, District Judges.

KENYON, Circuit Judge. This action is one brought in equity in the District Court of the United States for the Northern District of Oklahoma by the guardians of Jane Jefferson, an incompetent adopted citizen of the Creek Nation of Indians, to set aside and cancel certain deeds made by her of a homestead allotment of 40 acres, on the ground that the same were fraudulently obtained from her while she was incompetent, and also that said allotment was restricted land under the patent to her from the government and under the laws of the United States. The complaint also asks the court to enjoin the enforcement of a certain judgment against Jane Jefferson in the district court of Okfuskee county, Oklahoma, in a case brought by her against appellees herein and some others, in which the court held that appellees John H. and Ida H. King had acquired by deeds from Jane Jefferson the fee-simple title to said allotment, on the ground that the same was obtained by fraud and collusion. Rents and revenues from the lands are sought to be recovered, and the cancellation of certain oil leases is asked. Various defendants (appellees here) moved to dismiss the complaint upon a number of grounds; the chief ones being that the court had no jurisdiction to hear and determine the matters set forth in

the bill of complaint, as no federal question was involved, and that the bill failed to show any facts entitling plaintiff to equitable relief, in that it failed to show that complainant had no complete, full, and adequate remedy at law. March 8, 1927, the District Court sustained the motions to dismiss; the order in part reading:

"Now on this the 8th day of March, 1927, this cause came on for hearing upon the motion of the defendants to dismiss the bill herein, and the court, after hearing the argument of counsel, takes the same under advisement.

"Now on this the 8th day of March, 1927, the court, being well and sufficiently advised in the premises, finds that the bill herein should be dismissed, for the reason that the plaintiff is not in possession of the lands involved, and for the further reason that the restrictions thereon had been removed at the time of the conveyances upon which the title of defendants is based.

"It is therefore by the court ordered, considered, and adjudged that the bill herein be and the same is hereby dismissed for the reasons heretofore stated, to which action and judgment of the court the plaintiff excepts."

The controlling questions in this case are: (a) Is the matter in controversy presented by plaintiff's bill one arising under the Constitution or laws of the United States, so as to give jurisdiction to a federal court? (It is not questioned that the amount in controversy exceeds $3,000.) (b) If there is jurisdiction in the federal court of the subject-matter of this action, then is the case presented by the bill within the equitable jurisdiction of the federal court; i. e., is it a case cognizable in equity?

[1] Appellant claims that the action involves, and its determination depends upon, the construction of certain laws of the United States. If this is true, then federal jurisdiction follows. Of course, a mere statement that a construction of certain federal statutes is involved in a case is not sufficient to bestow such jurisdiction. The dispute must involve a substantial question as to construction of the federal statutes, and not a colorless or frivolous one, and it is for the court to determine from the pleadings whether the question on which federal jurisdiction is based is a substantial one, or a mere makeshift, for the purpose of securing such jurisdiction. All that is necessary to be said as to the law of this subject is said by the Supreme Court in Corrigan et al. v. Buckley, 271 U. S. 323, 329, 46 S. Ct. 521, 523 (70

L. Ed. 969), as follows: "The mere assertion that the case is one involving the construction or application of the Constitution, and in which the construction of federal laws is drawn in question, does not, however, authorize this court to entertain the appeal; and it is our duty to decline jurisdiction if the record does not present such a constitutional or statutory question substantial in character and properly raised below. Sugarman v. United States, 249 U. S. 182, 184 [39 S. Ct. 191, 63 L. Ed. 550]; Zucht v. King, 260 U. S. 174, 176 [43 S. Ct. 24, 67 L. Ed. 194]. And, under well-settled rules, jurisdiction is wanting if such questions are so unsubstantial as to be plainly without color of merit and frivolous." Norton et al. v. Larney (C. C. A.) 289 F. 395; Binderup v. Pathé Exchange, 263 U. S. 291, 44 S. Ct. 96, 68 L. Ed. 308; Norton et al. v. Larney, 266 U. S. 511, 45 S. Ct. 145, 69 L. Ed. 413. This case must be subjected to the test of the substantiality of the federal question pleaded. We turn to the pleaded facts.

[2] It appears that Jane Jefferson, as an adopted citizen of the Creek Nation, received a patent for the northeast quarter of the southwest quarter of section 13, township 11 north, range 11 east of the Indian base and meridian, in Indian Territory, as her homestead allotment; the deed therefor containing the following provision: "Subject, however to the conditions provided by said Act of Congress (March 1, 1901, 31 Stat. 861), and which conditions are that said land shall be nontaxable and inalienable and free from any incumbrance whatever for twenty-one years, and subject," etc.

Appellant contends in the bill of complaint: That the construction of certain acts of Congress is involved in this suit, particularly the Act of May 27, 1908 (chapter 199, 35 Stat. 312), which relates to restrictions on alienation or incumbrance, and provides: "All lands, including homesteads, of said allottees enrolled as intermarried whites, as freedmen, and as mixed-blood Indians having less than half Indian blood, * * * shall be free from all restrictions. * * * All homesteads of said allottees enrolled as mixed-blood Indians having half or more than half Indian blood * * * shall not be subject to alienation * * * prior to April 26, 1931." That said act bears upon the previous acts of Congress relating to alienation of allotted lands, being section 16, chapter 1323 of the Act of June 30, 1902 (32 Stat. 500), and part of chapter 1402 of the Act of April 21, 1904 (33 Stat. 189).

That appellant is an adopted citizen of the Creek Tribe of Indians, is not of Indian blood, is not a freedman, and is not enrolled as either, but is enrolled as an adopted citizen. That the alienation of her homestead was prevented by restrictions of the statutes in effect at the time the allotment was made to her, and that these restrictions likewise found in her patent were not removed by the Act of May 27, 1908. That, as this act of 1908 does not mention adopted citizens, it does not remove the restrictions upon the homestead of an adopted citizen of the Five Civilized Tribes.

Appellees, on the other hand, contend that the Act of May 27, 1908, removed all the restrictions on the land in suit; that it was intended as a revision of the previous acts of Congress relating to restrictions on allotted lands of the Five Civilized Tribes; that allotments made to all classes of citizens of the Five Civilized Tribes are by said act freed from restrictions, except where such lands are specifically by the act declared to be subject to restriction. Strong reasons are presented for this contention, supported by a long line of Oklahoma decisions which have held such to be the law. MaHarry v. Eatman, 29 Okl. 46, 116 P. 935; Henley v. Davis, 57 Okl. 45, 156 P. 337; McKeever v. Carter et al., 53 Okl. 360, 157 P. 56; Kinzer v. Davis, 64 Okl. 264, 167 P. 753; Chupco et al. v. Chapman et al., 76 Okl. 201, 170 P. 259.

[3, 4] Counsel urge that by these decisions through the years a rule of property has been established, whether right or wrong, and that such construction should be sustained, therefore, by the federal courts—a question more properly belonging to the trial of the case than as bearing on the question of jurisdiction with which we are now concerned. The test of such jurisdiction, being the right to enter upon inquiry and determine the matter in controversy, does not depend upon the way the court may decide such question. Quagon v. Biddle, Warden (C. C. A.) 5 F.(2d) 608. We find no federal cases passing on the particular question raised here concerning the Act of May 27, 1908. The decisions of the Supreme Court of Oklahoma are, of course, very persuasive on the subject, but are not controlling on the federal courts in the construction of federal statutes. It is apparent that the question of the construction of this statute is not entirely clear. Under the construction contended for by appellant, the right of alienation as to this property did not exist; under appellees' con-

struction, it did. The correct decision of this question depends upon the construction of the Act of May 27, 1908, and presents in our judgment a federal question, which cannot be said to be colorless or devoid of merit, or a mere pretense.

[5] It is not easy to determine whether the court, in dismissing the complaint, was passing on the question of jurisdiction or on the merits of the claim that the land conveyed had been relieved of restrictions by the Act of May 27, 1908. If it had considered the question as having no color of merit, it would undoubtedly have dismissed the case for want of jurisdiction, and there would have been no necessity of going further. Therefore we are inclined to the opinion that the court did pass on the merits of the question. The finding of the court that the restrictions had been released by the Act of May 27, 1908, did not go to or affect the question of jurisdiction. We conclude the federal court had jurisdiction of the subject-matter, and therefore the joining of issues which present matters that could not independently perhaps have been presented in that court is permissible. As said in St. Paul, M. & M. Ry. Co. v. St. Paul & N. P. R. Co. (C. C. A.) 68 F. 2, 10: "If, on the face of the complaint or declaration, the case is one which the court has the power to hear and determine, because of the existence of a federal question, it has the right to decide every issue that may subsequently be raised, and whether the decision of the case ultimately turns on a question of federal, local, or general law is a matter that in no wise affects the jurisdiction of the court." Mayor v. Cooper, 6 Wall. 247, 18 L. Ed. 851; Tennessee v. Davis, 100 U. S. 257, 25 L. Ed. 648; Railroad Co. v. Mississippi, 102 U. S. 135, 26 L. Ed. 96.

[6] We pass, therefore, to the question of whether a case cognizable in equity is pleaded. The objection that such case is not presented by the pleadings does not go to the jurisdiction of the court as a federal court. Smith v. McKay, 161 U. S. 355, 16 S. Ct. 490, 40 L. Ed. 731; Blythe v. Hinckley, 173 U. S. 501, 19 S. Ct. 497, 43 L. Ed. 783; Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 500, 43 S. Ct. 454, 67 L. Ed. 763.

[7] The distinction between legal and equitable actions is preserved in the federal courts. It is fundamental, and is based on the Constitution and laws of Congress. Section 267 of the Judicial Code (28 USCA § 384) merely declares a long-established equity principle that suits in equity in the courts of the United States shall not be sustained in any case where there is a plain, adequate, and complete remedy at law. Otherwise, a defendant may be deprived of a constitutional right to a jury trial.

[8] In addition to allegations as to restrictions heretofore referred to, the first count of the bill alleges that defendants (appellees) John H. King and Ida H. King caused Jane Jefferson to make a certain warranty deed to one Sam Jefferson on the 27th day of March, 1909, of the land in question for a consideration of $500; that later, to wit, March 27, 1922, the said John H. King and Ida H. King caused her to make another deed, purporting to convey the same land to them in consideration of $1 and other valuable consideration. Another deed seems to have been made by her to appellees Bell and Barnard, and it is alleged in the complaint that at all times of the making of these deeds Jane Jefferson was entirely incompetent by reason of mental deficiency, and that the same were secured by fraud; that John H. King and Ida H. King have executed oil and gas mining leases covering the lands in question, which oil and gas leases have by assignment become the property of the Gypsy Oil Company and the Noble Oil & Gas Company; that an action was brought on behalf of said Jane Jefferson prior to the time of execution of deeds to the Kings, and to Bell and to Barnard, in the district court of Okfuskee county, Oklahoma, by attorneys purporting to represent her, to recover possession of the premises; that the attorneys in said action without legal right purported to compromise the same, and allowed a judgment to be entered by agreement in the district court of Okfuskee county, by which the possession and title to said property was taken from the said Jane Jefferson and vested in the defendants in that action (appellees here). The complaint alleges that the judgment is void, for the reason that Jane Jefferson was mentally incompetent and unable to give her legal assent to the compromise of said cause and to said agreed judgment, and that her attorneys had no authority to make said settlement and compromise; that the said judgment and settlement was obtained by fraud and was the result of collusion and conspiracy between the defendants in that case and plaintiff's attorneys, and that said judgment attempts to validate conveyances of lands made in contravention of the acts of Congress; that she has no adequate, speedy, or complete remedy at law to right the wrongs she has suffered. In the second count an accounting is asked as to revenues taken from the lands.

[9] The bill seeks a cancellation of certain deeds made by and a judgment secured against a mental incompetent, on the ground of the fraudulent securing thereof—certainly well-recognized subjects of equitable jurisdiction. Allore v. Jewell, 94 U. S. 506, 24 L. Ed. 260; Horton v. Stegmyer et al. (C. C. A.) 175 F. 756, 20 Ann. Cas. 1134; Kellogg et al. v. Schaueble (D. C.) 273 F. 1012. The case pleaded is within the domain of equity, unless complainant has a full and adequate remedy at law. Such remedy, to oust equity jurisdiction, must be as certain, prompt, and effective to attain the ends of justice as would be afforded by equity (Risty et al. v. Chicago, R. I. & P. Ry. Co. [C. C. A.] 297 F. 710; Investors' Guaranty Corp. v. Luikart [C. C. A.] 5 F.[2d] 793; McConihay v. Wright, 121 U. S. 201, 7 S. Ct. 940, 30 L. Ed. 932; Tyler v. Savage, 143 U. S. 79, 12 S. Ct. 340, 36 L. Ed. 82; Boise Artesian Hot & Cold Water Co. v. Boise City, 213 U. S. 276, 29 S. Ct. 426, 53 L. Ed. 796), and must be one in the federal court (Green v. Turner [C. C.] 98 F. 756; Borden's Condensed Milk Co. v. Baker [C. C. A.] 177 F. 906; St. Louis-San Francisco Ry. Co. v. McElvain [D. C.] 253 F. 123; Smyth v. Ames, 169 U. S. 466, 18 S. Ct. 418, 42 L. Ed. 819).

It appears that Jane Jefferson was not in possession of the land at the time of bringing this suit, but some of the defendants were. Hence it is earnestly urged that she cannot maintain against a party in possession a suit to quiet title, or have cancellation of the muniments of title on which the right of the party in possession is based; that such action must be one in ejectment at law. While the term "quiet title" is not used in the complaint, yet, if successful, the same result is accomplished as in an action to quiet title.

[10] The general rule is well settled, and is stated by this court in Stuart v. Union Pac. R. Co., 178 F. 753, 756, as follows: "It is true, generally speaking, that in the courts of the United States a suit to quiet title cannot be maintained by a complainant who is not in possession against a defendant who is in possession; and this is so because there is a plain, complete, and adequate remedy at law." In Whitehead v. Shattuck, 138 U. S. 146, 11 S. Ct. 276, 34 L. Ed. 873, a very leading case, the same rule is announced. See, also, United States v. Wilson, 118 U. S. 86, 6 S. Ct. 991, 30 L. Ed. 110; Frost v. Spitley, 121 U. S. 552, 7 S. Ct. 1129, 30 L. Ed. 1010; Denison v. Keck (C. C. A.) 13 F. (2d) 384; Investors' Guaranty Corp. v. Luikart (C. C. A.) 5 F.(2d) 793. It is to be noted in Stuart v. Union Pac. R. Co., supra, the court says, "But it also is true that in exceptional cases, where there is no such remedy at law, the general rule does not apply," and in United States v. Wilson, 118 U. S. 86, 6 S. Ct. 991, 30 L. Ed. 110, obstacles preventing successful resort to ejectment are recognized as conferring equity jurisdiction.

In Lancaster v. Kathleen Oil Co., 241 U. S. 551, 36 S. Ct. 711, 60 L. Ed. 1161, where the facts are not exactly similar to the case at bar, but somewhat analogous, the Supreme Court says: "As it is conceded that the legal remedy was not here available, and that there was hence jurisdiction in a court of equity to determine the right of possession, it is clear that the rule has no application and that the court had equitable jurisdiction to determine all the issues presented by the bill." In the recent case of Twist et al. v. Prairie Oil & Gas Co., 274 U. S. 684, 691, 47 S. Ct. 755, 758 (71 L. Ed. 1297), the court said: "It is true that ordinarily one out of possession may not bring in a federal court a bill to quiet title against one in possession, because there is a full, adequate, and complete remedy at law and the defendant is entitled to a jury trial. See Whitehead v. Shattuck, 138 U. S. 146 [11 S. Ct. 276, 34 L. Ed. 873]; Black v. Jackson, 177 U. S. 349, 363, 364 [20 S. Ct. 648, 44 L. Ed. 801]; Lancaster v. Kathleen Oil Co., 241 U. S. 551, 555 [36 S. Ct. 711, 60 L. Ed. 1161]. But the suit is of a class within the jurisdiction—that is, the power—of a federal court sitting in equity. There are cases in the federal courts in which suits in equity to quiet title brought by one out of possession against one in possession have been entertained, because of the special facts, or because of the particular relief sought, or because the defendant waived the objection of lack of equity jurisdiction." See Simmons Creek Coal Co. v. Doran, 142 U. S. 417, 12 S. Ct. 239, 35 L. Ed. 1063; Shaffer v. Carter, 252 U. S. 37, 40 S. Ct. 221, 64 L. Ed. 445.

In a very late case, Roubedeaux v. Quaker Oil & Gas Co. (C. C. A.) 23 F.(2d) 277, 280, opinion by Judge Sanborn, the following statement is made, citing a number of cases: "Counsel for some of the parties to this suit contend that this is a suit to quiet the title to this land in the complainant, and that the court below had no jurisdiction in equity to consider it, because the complainant was out of possession and the defendants were in possession of the land, and they cite Whitehead v. Shattuck, 138 U. S. 146, 151, 155, 156, 11 S. Ct. 276, 34 L. Ed. 873, and other cases of that class. But the reason

why in those cases jurisdiction in equity of the federal courts was not sustained was because the complainants had adequate remedies at law. This is a suit in which the complainant had no such remedy. It is a suit in equity to avoid a deed which the complainant alleges was obtained by fraud, was recorded, created a cloud upon her title, and made it impossible for her to maintain an action of ejectment or any other adequate remedy at law. While a suit in equity to quiet title to land by a complainant out of possession may not be maintained in a federal court against a defendant in possession, so long as the complainant has a complete remedy by an action of ejectment, or any other action of law, such a suit in equity may be maintained where, as in this case, the complainant has no such remedy, and seeks by the suit to avoid a fraudulent deed or other obstacle which deprives him of his remedy at law. This was a suit in equity for such relief, and the court below had plenary jurisdiction of it in equity."

The decision points out that in Whitehead v. Shattuck, supra, the leading case in the Supreme Court on the subject, the jurisdiction in equity in the federal court was not sustained because the complainant had adequate remedies at law. In Denison v. Keck, 13 F.(2d) 384, this court held that complainant out of possession had an adequate remedy at law, and that the relief demanded as to cancellation of a mortgage was incidental to the main question. Also in Investors' Guaranty Corp. v. Luikart, supra, we held that an equity action based on the particular fraud pleaded where money recovery only was sought could not be sustained by a party out of possession, as there was a complete remedy at law. We do not think the decision of this court in Denison v. Keck, supra, is irreconcilable with its decision in Roubedeaux v. Quaker Oil & Gas Co., supra; but, if it is shaken thereby, the latter is controlling as the last word of this court·on the subject, and is determinative of this particular issue here. Upon a close analysis of the cases where the general rule is announced that a suit to quiet title cannot be maintained by one out of possession against one in possession, it will appear in practically all of them that the decision is based on the fact that there was an adequate remedy at law. There is no hard and fast rule as to just what the circumstances must be to entitle one out of possession to sustain a bill to quiet title; but the real question for determination in arriving at a conclusion thereon is whether there is a plain, adequate, and complete remedy at law, considering all the various circumstances surrounding the particular case, and, if the remedy at law is doubtful, equity will take cognizance of the suit. As said in Davis v. Wakelee, 156 U. S. 680, 688, 15 S. Ct. 555, 558 (39 L. Ed. 578) : "Where equity can give relief, plaintiff ought not to be compelled to speculate upon the chance of his obtaining relief at law." See, also, Union Pac. R. Co. v. Weld County, 247 U. S. 282, 38 S. Ct. 510, 62 L. Ed. 1110.

[11] We are without doubt that the judgment in the state court is a complete obstacle to any action in ejectment, and the effect of that judgment can be tempered only in an equitable action restraining the parties securing the same from proceeding thereunder, and therefore the general rule as to one out of possession not being permitted to bring an action in equity to determine title and possession does not apply. This court said in Horton v. Stegmyer et al., 175 F. 756, 758 (20 Ann. Cas. 1134) : "A federal court sitting in equity has jurisdiction to disregard or to enjoin the enforcement of an unconscionable judgment of a state or of a national court for new causes, such as fraud, accident, or mistake, which deceive the court into a wrong decree, or which prevent the judgment defendant from availing himself of a meritorious defense that was not fairly presented to the court which rendered the judgment. But it has no power to take such action on account of errors or irregularities in the proceedings on which the judgment or decree is founded, or on account of erroneous or illegal decisions by the court which rendered the judgment or decree. The reason of this rule is that cases of the former class present new controversies, which have never been raised in other courts, while cases of the latter class invoke a jurisdiction which does not exist, a jurisdiction in a federal court to review and revise the acts and decisions of courts of co-ordinate jurisdiction upon questions which they have lawfully considered and adjudged. National Surety Company v. State Bank of Humboldt, 56 C. C. A. 657, 662, 664, 120 F. 593, 598, 600, 61 L. R. A. 394, and cases there cited. The decree of the state court is therefore valid, and it must be enforced and respected, unless the complainant has pleaded facts evidencing such a fraud as will warrant a disregard of it." Sayers v. Burkhardt (C. C. A.) 85 F. 246; Whitcomb v. Shultz (C. C. A.) 223 F. 268.

[12] The bill of complaint setting forth an obstruction to any complete remedy at law,

complainant was entitled to appeal to a court of equity for relief from that situation, if in fact the judgment in the state court was procured by fraud. Little Rock Junction Ry. v. Burke (C. C. A.) 66 F. 83; Hartford Life Ins. Co. v. Johnson (C. C. A.) 268 F. 30. Therefore the federal court sitting as a court of equity has jurisdiction, and complainant has the right to have the entire controversy adjudicated in this case and every question that properly can arise therein determined. The Supreme Court said in McGowan v. Parish, 237 U. S. 285, 296, 35 S. Ct. 543, 548 (59 L. Ed. 955) : "But 'a court of equity ought to do justice completely, and not by halves,' and a cause once properly in a court of equity for any purpose will ordinarily be retained for all purposes, even though the court is thereby called upon to determine legal rights that otherwise would not be within the range of its authority. Camp v. Boyd, 229 U. S. 530, 551, 552 [33 S. Ct. 785, 57 L. Ed. 1317], and cases cited." Zenith Carburetor Co. v. Stromberg Motor Devices Company (C. C. A.) 270 F. 421.

Our conclusion is that the learned trial court erred in dismissing the bill of complaint, and the order and judgment to that effect is reversed, and the case remanded, with directions that the defendants (appellees) be required to answer the complaint; and it is so ordered.

Reversed and remanded.