# J. HOMER FRITCH, INCORPORATED, ET AL. *v.* UNITED STATES.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 64.　Argued November 19, 1918.—Decided January 20, 1919.

Judgments of the District Courts in suits against the United States under the Tucker Act are reviewable directly and exclusively by this court; the Judiciary Act of 1891, and the Judicial Code, did not disturb the exclusive jurisdiction as it previously existed. *Ogden* v. *United States,* 148 U. S. 390, declared overruled. P. 459.

An inadvertent assumption of jurisdiction is not equivalent to a decision that jurisdiction exists. P. 463.

234 Fed. Rep. 608; 236 Fed. Rep. 133, reversed.

THE case is stated in the opinion.

*Mr. Edward J. McCutchen* and *Mr. Ira A. Campbell,* for plaintiffs in error, submitted.

*Mr. Assistant Attorney General Frierson,* with whom *Mr. Charles S. Coffey* was on the brief, for the United States.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Liability of the United States for the hire of a ship for two charter periods was asserted. The trial court allowed recovery for one period and rejected it for the other and the court below affirmed its action. The case is here because of alleged error committed in not allowing for both. The Government insists that we have no jurisdiction because the judgment of the trial court was exclusively susceptible of being reviewed directly by this court; hence, that the court below had no jurisdiction and we must reverse and remand with directions to dismiss for want of jurisdiction. The contention is well founded, and we might content ourselves with referring to the authorities by which its correctness is conclusively established. As, however, some contrariety of opinion on the question is manifested in the decisions of the lower federal courts resulting either from a misconception of the governing principle upon which the right of direct review rests, or, it may be, caused by previous decisions of this court which if unexplained may continue to be the source of misconception, we briefly review and dispose of the subject from an original point of view.

. When the United States made claims against it justiciable by conferring authority upon the Court of Claims to entertain and decide them, the grant was accompanied by a provision giving this court direct and exclusive jurisdiction to review the judgments of the Court of Claims rendered in the exercise of the new power given. When by the Tucker Act (Act of March 3, 1887, c. 359, 24 Stat. 505) authority was conferred upon the circuit and district courts of the United States to exert, concurrently with the Court of Claims, the power to decide claims against the United States, the question arose whether the judgments of those courts rendered in the exercise of such jurisdiction were reviewable exclusively and directly by this court.

Determining the principle by which the question was to be solved, it was decided that in the absence of express provision or necessary implication to the contrary, the judgments of courts of the United States rendered as the result of the new power would be subject to be reviewed only by the exclusive method theretofore provided for the Court of Claims. Applying the principle of interpretation thus announced to the Tucker Act, it was held that judgments of the courts of the United States in suits against the United States under that act were reviewable only directly by this court. *United States* v. *Davis,* 131 U. S. 36.

Early after the adoption of the Judiciary Act of 1891 (Act of March 3, 1891, c. 517, 26 Stat. 826) it was settled that the purpose of that act was to generally provide for and distribute the appellate power of the courts of the United States. *McLish* v. *Roff,* 141 U. S. 661; *Lau Ow Bew* v. *United States,* 144 U. S. 47; *National Exchange Bank* v. *Peters,* 144 U. S. 570; *Hubbard* v. *Soby,* 146 U. S. 56. Subsequent to such decisions there was pending in this court a case brought by the plaintiff below by direct appellate proceedings to review the judgment of a circuit court of

the United States, rejecting a claim against the United States sued upon in that court as a court of claims. On submission of a motion to dismiss or affirm, made by the United States without brief or argument by the appellant, the case was dismissed for want of jurisdiction, based upon authorities which were cited, establishing that the purpose of the Act of 1891 was to distribute the appellate power of the courts of the United States,—a ruling which implied that direct review by this court of judgments in suits against the United States rendered by the courts of the United States as courts of claims was taken away by the Act of 1891. *Ogden* v. *United States*, 148 U. S. 390.

In the next year the case of *Chase* v. *United States*, 155 U. S. 489, was decided. It came to this court on a direct writ of error to a circuit court of the United States, acting as a court of claims, to review a judgment rendered against the United States. Jurisdiction was disputed, not upon the ground that the power to review such a judgment by direct appeal no longer existed because of the Act of 1891, but upon the sole ground that procedure by writ of error instead of appeal had been mistakenly restored to. The contention was held unsound, jurisdiction was taken, and the case was decided.

It is to be conceded that, either because of the implication resulting from the ruling in *Ogden* v. *United States, supra,* or because of what was deemed to be the controlling force of the accepted doctrine of the distribution of appellate power made by the Act of 1891, the opinion obtained in some of the lower federal courts that the direct review by this court of judgments of courts of the United States acting as courts of claims, which prevailed under the Tucker Act, no longer existed, and that possibly these impressions continued to make themselves manifest until the error upon which they rested was demonstrated by the decision of this court in *Reid* v. *United States*, 211 U. S. 529.

In that case, acting upon the theory that the effect of the distribution of appellate power made by the Act of 1891 controlled the previously existing right to review judgments of the courts of the United States acting as courts of claims, a case was brought directly to this court under the assumed authority of the Act of 1891, which case, because of its amount, would not have been susceptible of being brought here under the right to review as existing prior to the Act of 1891. The case therefore rendered it necessary to decide whether the general distribution of appellate power made by the Act of 1891 had replaced the right to review previously existing as to judgments of the courts of the United States rendered under the power to dispose of claims against the United States. It was decided that it had not, and that the exceptional remedy by direct and exclusive review as to the exceptional jurisdiction to entertain claims against the United States remained unaffected by the general distribution of appellate power made by the Act of 1891.

It is true, indeed, that in the *Reid Case*, as it was also true in the *Chase Case*, no reference was made to the previous ruling in *Ogden* v. *United States*, virtually holding to the contrary; but, as we have previously pointed out, there was nothing on the face of the opinion in that case to direct attention to the fact that it concerned the continued existence of the exceptional jurisdiction to review judgments resulting from the exercise of the exceptional power to entertain claims against the United States, since, on the face of the opinion and the authorities which were referred to, that case dealt only with the operation of the Act of 1891 upon the general distribution of appellate power. And when the subject is scrutinized, there can be no room whatever for difference of opinion that the effect of the ruling in *Reid* v. *United States* was to overrule the *Ogden Case*. That result is made, if possible, more clearly manifest by the application of the ruling in

the *Reid Case* made by this court in subsequent cases. *Atchison, Topeka & Santa Fe Ry. Co.* v. *United States,* 225 U. S. 640; *United States* v. *Hvoslef,* 237 U. S. 1; *Thames & Mersey Marine Ins. Co.* v. *United States,* 237 U. S. 19; *United States* v. *Emery, Bird, Thayer Realty Co.,* 237 U. S. 28; *United States* v. *Cress,* 243 U. S. 316; *United States* v. *Kelly,* 243 U. S. 316; *Tweedie Trading Co.* v. *United States,* 245 U. S. 645.

But it is true to say that in the case of *United States* v. *Buffalo Pitts Co.,* 234 U. S. 228, decided subsequent to the decision of the *Reid Case,* the jurisdiction of the Circuit Court of Appeals to review the action of a district court when sitting as a court of claims was recognized by entertaining and deciding appellate proceedings to review the action of the Circuit Court of Appeals in such case. It is to be observed, however, that in that case no question whatever was raised as to the jurisdiction, and in view of the ruling in the *Reid Case,* to which no reference was made, the action of this court in the *Buffalo Pitts Case* must be regarded as a mere inadvertent assumption of jurisdiction rather than as a decision that such jurisdiction existed.

It is now insisted however that, granting the conclusive effect of the *Reid Case,* it is here inapplicable because decided before the adoption of the Judicial Code by which, it is contended, a change was made taking away the exceptional power to directly review which is here in question. The contention disregards the necessary result of the rulings in the cases just referred to, decided since the *Reid Case,* some of which disposed of controversies governed by the Judicial Code, and where the proposition now relied upon, as to the assumed operation of that act was directly pressed in argument.

Aside from this view, however, the proposition disregards the plain context of §§ 294 and 295 of the Judicial Code, which were clearly intended to prevent implica-

tions of repeal, or change of legislative intent, like the one here relied upon. *United States* v. *Cress*, 243 U. S. 316, 331. But it is said that the contention as to the change made by the Code is not based upon implication but upon the fact that § 9 of the Tucker Act was expressly repealed by the Judicial Code, thus removing the very groundwork upon which the continued right in this court to exclusively review judgments of the courts of the United States when sitting as courts of claims was held to continue after the Tucker Act. The assumption however is fallacious, since it overlooks the fact that § 4 of the Tucker Act was excepted from the repealing clause and that its provisions are wholly incompatible with the proposition now relied upon. And this again brings the proposition back to the mere assertion that the ruling as to the Tucker Act made in *United States* v. *Davis*, and that as to the Act of 1891 made in the *Reid Case*, must now be disregarded.

As it results that the contention of the United States as to the want of jurisdiction in the court below was well founded, the judgment of the Circuit Court of Appeals must be and it is

*Reversed and the cause remanded to that court with directions to dismiss for want of jurisdiction.*