## · SUGARMAN *v.* UNITED STATES.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF MINNESOTA.

No. 345. Argued January 9, 1919.—Decided March 3, 1919.

To empower this court to review a judgment of a District Court as involving the Constitution, under Jud. Code, § 238, the writ of error must present a substantial constitutional question, properly raised below. P. 183.

A substantial constitutional question cannot be based upon a refusal to give requested instructions the substance of which was clearly embodied in the charge to the jury. P. 184.

A judge is not obliged to adopt the exact language of instructions requested, or to repeat instructions already given in substance. P. 185.

Writ of error to review 245 Fed. Rep. 604, dismissed.

THE case is stated in the opinion.

*Mr. Seymour Stedman* and *Mr. T. E. Lattimer,* for plaintiff in error, submitted.

*Mr. John Lord O'Brian,* Special Assistant to the Attorney General, with whom *Mr. Alfred Bettman,* Special Assistant to the Attorney General, was on the brief, for the United States.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

The Espionage Act (June 15, 1917, c. 30, Title I, § 3, 40 Stat. 217, 219) provides that: "Whoever, when the United States is at war, shall willfully cause or attempt to cause insubordination, disloyalty, mutiny, or refusal of duty, in the military or naval forces of the United States . . . shall be punished." Sugarman was charged with having violated this section on July 24, 1917, by words spoken in an address made at a Socialist meeting which was attended by many registrants under the Selective Service Act, sustained in *Selective Draft Law Cases,* 245 U. S. 366. He was tried in the District Court of the United States for the District of Minnesota, found guilty by the jury, and sentenced. See 245 Fed. Rep. 604. Thirty-one exceptions were taken to rulings of the trial judge. Instead of seeking review by the Circuit Court of Appeals under § 128 of the Judicial Code, the case is brought here under § 238.

Review by this court on direct writ of error is invoked on the ground that the construction or application of the Federal Constitution was drawn in question. Thirty of the rulings excepted to below are assigned as errors here. If any one of them involves a constitutional question which is substantial, or was such when the defendant sued out his writ of error, we have jurisdiction to review all the questions raised and it is our duty to determine

them, so far as necessary to afford redress, even if we should conclude that the constitutional question was correctly decided below. *Williamson* v. *United States*, 207 U. S. 425, 432, 434; *Goldman* v. *United States*, 245 U. S. 474, 476. But mere reference to a provision of the Federal Constitution, or the mere assertion of a claim under it, does not authorize this court to review a criminal proceeding; and it is our duty to decline jurisdiction unless the writ of error presents a constitutional question substantial in character and properly raised below. *Equitable Life Assurance Society* v. *Brown*, 187 U. S. 308, 311; *Goodrich* v. *Ferris*, 214 U. S. 71, 79; *Hendricks* v. *United States*, 223 U. S. 178, 184; *Manhattan Life Ins. Co.* v. *Cohen*, 234 U. S. 123; *Brolan* v. *United States*, 236 U. S. 216, 218; *United Surety Co.* v. *American Fruit Co.*, 238 U. S. 140, 142.

Of the thirty-one exceptions taken below only two refer in any way to the Federal Constitution. These two are for refusal to give the following instructions:

(a) "The Constitution of the United States provides that Congress shall make no law abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble and to petition for a redress of grievances. This right has been deemed so essential and necessary to free institutions and a free people that it has been incorporated in substance in the constitutions of all the states of the Union. These constitutional provisions referred to are not abrogated, they are not less in force now because of war, and they are as vital during war as during times of peace, and as binding upon you now as though we were at peace."

(b) "This provision of our Constitution will not justify or warrant advocating a violation of law. A man may freely speak and write and petition, but he is responsible for the consequences of what he may say, write or publish; and if what he says and publishes has a natural tendency to produce a violation of law, that is to impel the persons

addressed to violate the law, and the person using the language intends that it should produce a violation of law, then the person using such language is subject to punishment and this is not inconsistent with the right and protection guaranteed by the Constitution of the United States and of this state."

While the trial judge refused to give these specific instructions, his charge to the jury included the following passage:

"Now, considerable has also been said in this case about freedom of speech. The Constitution of the United States provides that Congress shall make no law abridging the freedom of speech. This provision of the Constitution is of course in force in times of war as well as in times of peace. But 'freedom of speech' does not mean that a man may say whatever he pleases without the possibility of being called to account for it. A man has a right to honestly discuss a measure or a law, and to honestly criticize it. But no man may advise another to disobey the law, or to obstruct its execution, without making himself liable to be called to account therefor."

This passage in the charge clearly embodied the substance of the two requests made by the defendant. The judge was not obliged to adopt the exact language of the instructions requested, *Holt* v. *United States*, 218 U. S. 245, 253; nor was he obliged to repeat the instructions already given in substance. Compare *Bennett* v. *United States*, 227 U. S. 333, 339. As no substantial constitutional question was presented by the defendant, this court is without jurisdiction to review the other errors assigned.

*Dismissed for want of jurisdiction.*