## HEITLER *v.* UNITED STATES.

## PERLMAN *v.* UNITED STATES.

## GREENBERG *v.* UNITED STATES.

## McCANN *v.* UNITED STATES.

## QUINN *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Nos. 185–189. Motion to transfer to Circuit Court of Appeals submitted December 11, 1922.—Decided January 2, 1923.

1. Under the Act of September 14, 1922, c. 305, 42 Stat. 837, a case brought here from the District Court upon the mistaken assumption that it presents a substantial constitutional question, but which involves other questions within the jurisdiction of the Circuit Court of Appeals, should be transferred to that court. P. 439.
2. This statute should be construed liberally. P. 440.
Cases transferred.

APPLICATIONS to transfer these cases, heretofore dismissed for want of jurisdiction (*post,* 703), to the Circuit Court of Appeals. For the opinion of the District Court, see 274 Fed. 401.

*Mr. Weymouth Kirkland* and *Mr. Robert N. Golding,* for plaintiffs in error, in support of the motion.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

These were writs of error issued directly to the District Court under § 238 of the Judicial Code to review sentences of fine and imprisonment on the ground that they were cases in which the constitutionality of the National Prohibition Act, under which the convictions were had, was drawn in question. In addition to the constitutionality of the Prohibition Act, the assignments of error raised many questions as to the admissions of evidence and the charge of the court. We held that in view of our previous decision affirming the validity of the National Prohibition Act (*National Prohibition Cases,* 253 U. S. 350), the plaintiffs in error were precluded from raising the question again and basing thereon a claim of jurisdiction for a writ of error under § 238, that the question made was, therefore, not substantial but frivolous, and that the writ should be dismissed for want of jurisdiction on the authority of *Sugarman* v. *United States,* 249 U. S. 182, 184, and cases cited. *Heitler* v. *United States, post,* 703. This conclusion made it impossible for us to consider the other errors assigned.

The plaintiffs in error now invite our attention to an Act of Congress approved September 14, 1922, c. 305, 42 Stat. 837, adding § 238 (a) to the Judicial Code, which provides that " . . . if an appeal or writ or error has been or shall be taken to, or issued out of, the Supreme Court in a case wherein such appeal or writ of error should have been taken to, or issued out of, a circuit court of appeals, such appeal or writ of error shall not for such reason be dismissed, but shall be transferred to the proper court, which shall thereupon be possessed of the same and shall proceed to the determination thereof, with the same force

and effect as if such appeal or writ of error had been duly taken to, or issued out of, the court to which it is so transferred."

This is a remedial statute and should be construed liberally to carry out the evident purpose of Congress. The fact that the opportunity therein given to litigants in the Circuit Courts of Appeals where they have mistakenly sought a review in this Court may at times be abused and unduly prolong the litigation and delay the successful party below, is no reason why when the case comes clearly within the language of the statute the transfer should not be made. The successful party below may avoid undue delay by a prompt motion to dismiss in this Court in such cases.

The cases before us are clearly within the remedy of the statute. Based on the assumption of the presence of a real constitutional question in the case, plaintiffs in error sought review here not only of that question but of the numerous other errors assigned in the record. *Williamson* v. *United States*, 207 U. S. 425, 432, 434; *Goldman* v. *United States*, 245 U. S. 474, 476. We find that there is no constitutional question of sufficient substance to give us jurisdiction to consider these other errors. In other words, we find that to have such alleged errors considered and reviewed, the writ of error herein should have issued out of the Circuit Court of Appeals of the proper circuit. Accordingly we hold that these several cases should be transferred to the Circuit Court of Appeals of the Seventh Circuit at the costs of the respective plaintiffs in error, that that court be thereupon possessed of the jurisdiction of the same and proceed to the determination of said writs of error as if such writs had issued out of such court.

*And it is so ordered.*