## READING STEEL CASTING CO. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. December, 1923.)

No. 2950.

1. **Courts ⬅405(3)—Circuit Court of Appeals has no jurisdiction to entertain writs of error in actions under Tucker Act.**

In actions under Act, March 3, 1887, known as Tucker Act, as amended by Judiciary Act 1891 and Judicial Code March 3, 1911, §§ 24 (20), 297 (7), being Comp. St. §§ 991, 1274, the Circuit Court of Appeals is without jurisdiction to issue and entertain a writ of error.

2. **Courts ⬅527½, New, vol. 17A Key-No. Series—Circuit Court of Appeals being without jurisdiction, cause transferred to the Supreme Court.**

Where the Circuit Court of Appeals has no jurisdiction to entertain writ of error in an action under Act March 3, 1887, known as Tucker Act, as amended by Judiciary Act 1891 and Judicial Code March 3, 1911, §§ 24 (20), 297 (7), being Comp. St. §§ 991, 1274, it will not dismiss the case for want of jurisdiction, but will transfer it to the Supreme Court, in accordance with Judicial Code, § 238a, as added by Act Sept. 14, 1922.

In Error to the District Court of the United States for the Eastern District of Pennsylvania.

Action between the Reading Steel Casting Company and the United States. From a judgment in favor of the United States, the Casting Company brings error. Transferred to the Supreme Court.

Paul C. Wagner, of Philadelphia, Pa., and H. Robert Mays, of Reading, Pa., for plaintiff in error.

George W. Coles, U. S. Atty., and Joseph L. Kun, Sp. Asst. U. S. Atty., both of Philadelphia, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. [1, 2] After an opinion had been filed in the above-entitled cause, indicating affirmance and reversal of portions of the judgment below,[1] the defendant in error filed a petition for a rehearing, maintaining for the first time that under the Act of March 3, 1887, 24 Stat. 505, known as the Tucker Act, as amended by the Judiciary Act of 1891 (26 Stat. 826), and section 24, paragraph 20, and section 297, paragraph 7, of the Judicial Code of March 3, 1911, 36 Stat. 1087 (Comp. St. §§ 991, 1274), this court is without jurisdiction to issue and entertain this writ of error. The contention is based on the ground that judgments of District Courts rendered in actions brought under the cited statutes are reviewable directly and exclusively by the Supreme Court of the United States. Chase v. United States, 155 U. S. 489, 15 Sup. Ct. 174, 39 L. Ed. 234; Reid v. United States, 211 U. S. 529, 29 Sup. Ct. 171, 53 L. Ed. 313; Fritch v. United States, 248 U. S. 458, 39 Sup. Ct. 158, 63 L. Ed. 359. Being persuaded to this view, we allowed the petition. At the hearing the plaintiff in error conceded that, under the cited statutes, the court is without jurisdiction, but urged that, instead of dismissing the case for want of jurisdiction, it should be transferred to the Supreme Court of the United States, in accordance with the Act of September 14, 1922, 42 Stat. 837 (section

[1] Stricken from record by order of court.

238a of the Judicial Code). Heitler v. United States, 260 U. S. 438, 43 Sup. Ct. 185, 67 L. Ed. 338; Pothier v. Rodman, 261 U. S. 307, 43 Sup. Ct. 374, 67 L. Ed. 410.

Being of the same opinion, we vacate the order previously made, and direct that by an order properly drawn the case be transferred to the Supreme Court of the United States.