GERARDINO et al. v. PEOPLE OF PORTO RICO.

VALEDON v. SAME.

Circuit Court of Appeals, First Circuit.
November 27, 1928.

Nos. 2211, 2212.

Joseph H. Beale, of Cambridge, Mass. (Jose Tous Soto and Leopoldo Tormes, both of Ponce, Porto Rico, on the brief), for appellants.

William Cattron Rigby, Lieutenant Colonel, Judge Advocate, of Washington, D. C. (J. A. Lopez Acosta, Acting Atty. Gen. of Porto Rico, of counsel; George C. Butte, Atty. Gen. of Porto Rico, on the brief), for the People of Porto Rico.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. These two appeals from the Supreme Court of Porto Rico grow out of criminal prosecutions for fraud on an insurance company by insuring a man known to be critically ill for a large amount in order to obtain profits from his expected early death. No 2211 is for conspiracy between Gerardino and Valedon; No. 2212 is against Valedon alone for making a false statement that the insured was in good health.

The only federal question arises under the contention that the defendants were deprived of their rights under the provisions of section 2 of the Organic Act (39 Stat. 951 [U. S. C. A. tit. 48, § 737]), providing: "In all criminal prosecutions the accused shall enjoy the right * * * to have a speedy and public trial."

The government moves to dismiss for want of jurisdiction, on the ground that this federal question is not substantial, but merely frivolous, within the rule laid down in such cases as Heitler v. United States, 260 U.

S. 438, 439, 43 S. Ct. 185, 67 L. Ed. 338; Sugarman v. United States, 249 U. S. 182, 184, 39 S. Ct. 191, 63 L. Ed. 550.

While not entirely free from doubt, we think on the whole that this motion must be denied. We are not disposed to give a narrow and technical construction to the Bill of Rights in the Organic Act. The exact question seems never to have been ruled on by the Supreme Court. It is not plainly frivolous. Cf. Balzac v. Porto Rico, 258 U. S. 298, 304, 42 S. Ct. 343, 66 L. Ed. 627.

But when we turn to the merits, we think it clear that the appellants did have their right to a speedy trial. The prosecution was instituted on February 7, 1924, in the municipal court of Ponce, where the defendants were tried and convicted on March 3, 1924, and appealed the same day to the district court of the judicial district of Ponce. In that court, the trial was set for October 14, 1924; but the defendants moved for, and obtained, a continuance. The record does not show that the defendants sought, or that the court ordered, a continuance to any definate date. However, when the case came on for trial on February 27, 1925, the defendants moved for dismissal on the ground, inter alia, that 143 days had elapsed since their motion for a continuance had been granted. This motion was denied in that court; and this ruling was sustained by the Supreme Court of Porto Rico.

In the Porto Rico Code of Criminal Procedure, § 448, it is provided:

"The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases: * * *

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information."

It is now urged that this Porto Rican statute is so far a binding definition of the term "speedy," as used in the Organic Act, as to require a dismissal by this court of these cases in which the actual trial took place 143 days after the granted motion for a continuance. There are several sufficient answers to this contention:

■ (1) While this legislative definition is entitled to fair consideration, it is not binding on this court. It is entirely open to this court to hold that 120 days are a period either too long or too short to be within the fair meaning of "speedy."

■ (2) If we apply the Porto Rican Code, full force must be given to the provision, supra, that the trial has not been postponed upon the application of the accused. But this trial was postponed upon the defendants' motion; and it does not appear that they did not ask for such continuance as brought their actual trial within 120 days from the end of the continuance sought and obtained. Inferentially, after securing delay, they never thereafter asked for a trial.

■ (3) Moreover, the trial under this Code is to be ordered within 120 days, "unless good cause to the contrary is shown."

This record shows that after the granted continuance the trial court was busily engaged in trying other cases. We cannot say that there was not good cause shown for the delay that occurred.

It follows that it does not appear that these appellants have not had their full rights under the Porto Rican Code definition of "speedy trial."

The cases cited and relied upon are not, on this record, applicable; we need not discuss them. People v. Cepeda, 31 Porto Rico 465; Rodriguez v. Crosas, 27 Porto Rico 771; People v. Morino, 85 Cal. 515, 24 P. 892.

■ The other questions are purely questions of fact and of local law, in which the holdings of the Supreme Court are not to be disturbed, unless shown to be clearly erroneous. Cardona v. Quinones, 240 U. S. 83, 36 S. Ct. 346, 60 L. Ed. 538. It is enough to say that on careful examination of the record, in the light of the argument of appellants' learned counsel, we find no error. There was plenary evidence of the appellants' guilt, and no indication of any unfair or illegal procedure.

The judgments of the Supreme Court of Porto Rico are affirmed.