### FAIRCLOTH v. UNITED STATES.
#### No. 3235.

Circuit Court of Appeals, Fourth Circuit.
Jan. 20, 1932.

T. Morris Wampler, of Washington, D. C. (William L. Marbury and Jesse Slingluff, Jr., both of Baltimore, Md., and Joseph C. Turco, of Washington, D. C., on the brief), for appellant.

Simon E. Sobeloff, U. S. Atty., of Baltimore, Md. (Charles G. Page, Asst. U. S. Atty., of Baltimore, Md., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

## PER CURIAM.

The appellant was found guilty, by a jury, in the District Court of the United States for the District of Maryland, of violating section 592, tit. 12, USCA. There were twelve counts in the indictment against appellant, who will be hereinafter referred to as the defendant, which charged him with aiding and abetting one Schatz, in the fraudulent misapplication of the funds of the First National Bank of Mt. Ranier, Md. Schatz, who was cashier of the bank, and who was jointly indicted with the defendant, pleaded guilty, and was used as a witness for the government at defendant's trial. Defendant was sentenced by the trial judge to serve fifteen months in the penitentiary, from which judgment this appeal was brought.

The only points relied upon as error in the trial below relate to the refusal of the trial judge to give instructions requested on behalf of the defendant on three propositions:

(1) An instruction dealing with the presumption of innocence. Defendant's instruction No. 1.

(2) An instruction to the effect that evidence of good character might alone create a reasonable doubt that would justify acquittal. Defendant's instruction No. 4.

(3) An instruction that the testimony of an accomplice should be received with great care and caution. Defendant's instruction No. 5.

■ A court is not required to adopt the language of a requested instruction, even though it states a correct proposition of law, if the same instructions are fully and substantially covered by instruction in the court's own language in the oral charge to the jury. Sugarman v. United States, 249 U. S. 182, 39 S. Ct. 191, 63 L. Ed. 550; Dunagan v. Appalachian Power Co. (C. C. A.) 23 F.(2d) 395; Chesapeake & Ohio Ry. Co. v. Coffey (C. C. A.) 37 F.(2d) 320.

A careful study of the judge's charge to the jury shows that he correctly stated the law as to the presumption of innocence, the weight to be given evidence of the good character of the defendant, and warned the jury that Schatz, the accomplice, was a confessed criminal. The charge substantially covered the three instructions asked, and there was no error in the rejection of these instructions in the language in which they were couched.

■ In addition to this, there was no objection to the charge at its conclusion, and no complaint on behalf of the defendant that the charge did not fully cover the points raised in the requested charges. There was only a formal exception to the refusal to give the instructions as requested. Baker v. United States (C. C. A.) 21 F.(2d) 903, and cases there cited.

■ In the assignments of errors, no error was alleged in the court's refusal of defendant's fourth and fifth instructions. (Points 2 and 3.) Rule 11 of this court reads in part as follows: "Assignment of Errors: The appellant or petitioner shall file with the clerk of the court below, with his petition for appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. * * * Such assignment of errors shall form part of the transcript of the record and be printed with it. When this rule is not complied with, counsel will not be heard, except at the request of the court; and errors not assigned according to this rule will be disregarded, but the court, at its option, may notice a plain error not assigned."

Here there is no plain error; in fact, no error. The judgment is accordingly affirmed.