SOTERO LEÓN and VALENTÍN VARGAS, Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, BAYAMÓN PART, Respondent.

No. O-70-23.    Decided October 14, 1970.

*Luis Muñoz Rivera* and *Félix Ortiz Juan* for petitioners. *Gilberto Gierbolini, Solicitor General, J. F. Rodríguez Rivera, Acting Solicitor General,* and *Federico Rodríguez Gelpí, Assistant Solicitor General,* for The People.

PER CURIAM: ▮ In this appeal we reiterate the doctrine to the effect that once the holding of a trial has been postponed at the request of the defendant, the dismissal for subsequent delays falls within the discretion of the trial court. *Valentín v. Superior Court,* 86 P.R.R. 449 (1962); *People v. Garay,* 64 P.R.R. 101 (1944); *People v. Rexach,* 62 P.R.R. 21 (1943); *People v. Balzac,* 56 P.R.R. 622 (1940); *Morales*

v. *District Court*, 55 P.R.R. 853 (1940). The duty of the trial court in such cases is to set them for trial within a reasonable time which, depending on the circumstances, may or may not be of 120 days. *Valentín* v. *Superior Court, supra; People* v. *Balzac, supra; Morales* v. *District Court, supra.* See, also, *Gerardino* v. *People of Puerto Rico*, 29 F.2d 517. Recently, we stressed this duty of the trial court in *Jiménez Román* v. *Superior Court*, 98 P.R.R. 855 (1970), stating that:

"Thus, the hearing must be set as soon as possible, taking into consideration the amount of work pending, but without forgetting that the right to a speedy trial is as fundamental as any other of the fundamental rights guaranteed to defendants by the Constitution."

The circumstances which prevail in the instant case convince us that there was no unreasonable delay in the holding of the trial. The pertinent facts which appear from the record are the following:

1. The first setting of the case was *September 19, 1968*, the information having been filed on June 7, 1968. *Appellants did not appear.*

2. The second setting of the case was *December 16, 1968.* Neither is it shown that defendant Valentín Vargas appeared. It is inferred from the minutes of that date that appellant Valentín Vargas did not appear, since the trial court ordered him summoned for the next setting, Sotero León, the other codefendant, being summoned in open court, and "the remainder of the evidence."[1]

3. The third setting of the case was *March 4, 1969.* It was postponed at the request of the prosecuting attorney in order to add other witnesses to substitute one who had died.

---

[1] The minutes of December 16, 1968 reads:

"The court, there not being jurors present in this court since it is Monday, and also, because there are several of the prosecuting attorney's witnesses missing, postpones the hearing of these cases until March 4, 1969, at 9:00 a.m.

4. The fourth setting of the case was *April 25, 1969*. On said date appellants requested the transcript of the stenographer's notes of the hearings held on December 16, 1968, and on March 4, 1969, the prosecuting attorney requesting also the transcript of the hearing of September 19, 1968. The court granted both requests, conditioning appellant's to the payment of stenographers' fees. The holding of the trial was continued so that the court could consider the motion to dismiss submitted by appellant on March 26. The prosecuting attorney, as well as appellant, requested that the case be heard within the next 120 days.[2]

5. The fifth setting of the case was *July 1, 1969*, but it was postponed because the motion to dismiss was pending decision. Said motion was submitted on June 27, when the prosecuting attorney introduced his case law memorandum, rebutting that of appellants, who had submitted theirs on June 17.

6. The sixth setting of the case was *September 18, 1969*, after the court had denied the motion to dismiss on August 6. On said date the trial could not be held because the court was occupied in the continuation of the hearing of a trial by jury. The trial court tried to set the hearing of the case for the next October 7, which was the nearest available date, but appellants' principal counsel objected because he had another matter pending in another Part on that same date. The court

"Defendant Sotero León, summoned. Summons to be served on defendant Valentín Vargas.

"Notice served on attorneys Félix Ortiz Juan and Luis Muñoz Rivera.

"Witnesses Elías Díaz, Rafael Díaz, Santiago González, and Héctor Pérez, shall be summoned.

"Remainder of the evidence cited.

"The court orders the parties to make a study in these cases to see if there is any witness that does not appear on the other side of the information and determine whether he must be summoned."

[2] In said hearing other incidents also occurred, such as the substitution of a witness for the prosecution who had died and the admission in evidence of certain documentary evidence.

also tried to set the case for December 9, but said counsel had another hearing set in another Part. Finally, the hearing was set for the next November 4.

7. The seventh setting of the case was *November 4*, which was postponed *at the request of the counsel for the defense*, under the allegation that both were sick.

8. The court set the case for *January 14, 1970*, without any objection from the parties. On said date the hearing could not be held *because the defense was not ready*, since the principal counsel was busy in the continuation of the hearing of a case in another Part, and also, because he intended to appeal before this Court from the order dated January 13, 1970, denying a third motion to dismiss. This is the order which is challenged in this appeal.

It is inferred from the foregoing facts that appellants did not appear on the first date set for the hearing. Neither did codefendant Valentín Vargas appear on the second date set for the hearing. The third date set for the hearing was postponed for just cause: substitution by the prosecuting attorney of a witness who had died. The fourth setting was continued with appellants' implied consent. They agreed that for the court to decide the motion to dismiss, the transcript of the hearings held on September 19, 1968, December 16, 1968, and March 4, 1969, which they themselves had requested, was necessary. The fifth setting of the case was postponed without appellants' objection to give the court time to decide. The sixth setting of the case was September 18, seventy-nine days after the fifth one. It could not take place as the court was occupied in the continuation of a trial by jury. The eighth setting of the case was postponed at appellants' request, and the ninth and last setting was also postponed at appellants' request.

As it may be seen, appellants were responsible in a great measure for the multiple postponements of the trial. Inasmuch as they were, they consented to the delay in the

holding of the trial. The only postponement which under other circumstances could have been sufficient to support the motion to dismiss, was the one for the sixth setting which, as we indicated, could not take place due to the congestion in the calendar. It is true that the congestion in the calendar is not a just cause to delay the trial, *Jiménez Román* v. *Superior Court, supra,* but as the Solicitor General correctly indicates in his report, between the fifth and seventh settings, only 126 days of delay elapsed, which is not unreasonable in the light of the long chain of postponements notified by the defendant.

The writ issued will be annulled and the case remanded to the trial court for further proceedings not inconsistent with the foregoing.

Mr. Chief Justice Negrón Fernández and Mr. Justice Santana Becerra did not participate herein.