LANCASTER *v.* KATHLEEN OIL COMPANY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF OKLAHOMA.

No. 336.  Submitted April 26, 1916.—Decided June 12, 1916.

As one not in possession may not maintain an action to quiet title, and, as in Oklahoma, one may not maintain a suit in ejectment as lessee under an oil or gas mining lease, an adequate remedy at law

does not exist in this case; and therefore equity has jurisdiction of a suit brought by the holder of an oil and gas lease on lands in Oklahoma to restrain those claiming under another lease from interfering with the property.

If such leases cover Indian allottee land and have been approved by the Secretary of the Interior the case arises under the laws of the United States and a Federal court has jurisdiction.

A suit by one lessee against another, the prayer of the complaint in which is not only recovery of possession of the property but also an injunction restraining defendant from asserting rights under his lease, cannot be regarded as a mere suit for ejectment; and if the bill clearly shows that both plaintiff and defendant claim under leases of Indian lands, the validity of which depends upon the construction of Acts of Congress and the effect of approval given by the Secretary of the Interior, the case is one arising under the laws of the United States of which the District Court has jurisdiction.

In such a case the statements of the bill can determine the jurisdiction of the District Court as they are not mere anticipatory statements of a possible defense to be set up by defendant.

THE facts, which involve the jurisdiction of the District Court of a suit involving the validity of gas and oil leases on lands of allottee Indians, are stated in the opinion.

*Mr. William F. Tucker* and *Mr. Hulette F. Aby* for appellants.

*Mr. George S. Ramsey, Mr. Edward H. Chandler, Mr. Edgar A. de Meules, Mr. Malcolm E. Rosser* and *Mr. Sol H. Kuffman* for appellees.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

This direct appeal is prosecuted to reverse the decree of the court below dismissing the suit on the ground that the bill alleged no cause of action within the jurisdiction of the court as a Federal court.

Briefly summarized, the bill alleged that in 1903 Lizzie Brown received from the United States a patent to certain

described land in Oklahoma as her homestead allotment as a member of the Creek tribe of Indians; that she died in March, 1912, leaving surviving as her sole heirs her husband, Josiah Brown, and four minor children, all of whom were made defendants. It was alleged that Brown, the father, was appointed guardian of the children and that in April, 1912, he and the children as owners in fee of the land in question made an oil and gas mining lease to the plaintiffs which was recorded April 18, 1912; that notwithstanding this lease about two months later, that is, June 2, 1912, Brown on his own behalf and as guardian made an oil and gas mining lease covering the identical land to the Kathleen Oil Company, also made a defendant, which lease was approved by the Secretary of the Interior and was duly recorded. It was alleged that plaintiffs entered upon the land under their lease prepared to drill for oil, but, learning of the subsequent lease to the Kathleen Oil Company, withdrew and made an application to the Secretary of the Interior to cancel his approval of that lease, which was denied. It was averred that the Kathleen Oil Company had entered into its lease with full knowledge of the prior lease to the plaintiffs, but that it had nevertheless gone into possession and was operating under its lease and was producing and selling oil and gas. The bill then alleged that the plaintiffs' lease, although not approved by the Secretary, was valid, and that the subsequent lease to the defendant company which was approved by the Secretary of the Interior was void because by the act of Congress of May 27, 1908, c. 199, 35 Stat. 312, the land of Lizzie Brown descended to her heirs free from any restriction against leasing the same for oil and gas mining purposes, and because if that act did impose restrictions as to such a lease, it was void for repugnancy to the Constitution of the United States. The prayer was that the defendant company be enjoined from entering on the land and from

continuing to operate under its lease, that all the defendants be restrained from interfering in any manner with the plaintiffs in conducting operations under their lease and from asserting or claiming any right to the oil and gas deposits under the land or the right to mine and remove the same, and that the defendant company account to the plaintiffs for the gas and oil which it had removed.

The defendants moved to dismiss on the ground that the court was without jurisdiction as a Federal court to entertain the cause. The motion was granted and a decree of dismissal entered, and for the purpose of this direct appeal the court certified under the statute that the dismissal had been ordered because "the essential and appropriate allegations of the cause of action asserted in said bill of complaint did not disclose a case arising under the Constitution or a law or treaty of the United States."

As it is apparent that the court below erred if the allegations concerning the validity of the lease of the plaintiffs, and the invalidity of that of the defendant company were material to the cause of action stated in the bill, we come at once to that question. In support of the proposition that such allegations were not material, it is argued that the suit was the equivalent of an action at law in ejectment to recover possession of the leased premises, but was brought in equity because under the law of Oklahoma a lessee of an oil and gas mining lease under the circumstances here disclosed had no right to sue in ejectment. *Kolachny* v. *Galbraith*, 26 Oklahoma, 772. Further it is said that as in a suit in ejectment it is only necessary to allege a right of possession by the plaintiff and a wrongful possession by the defendant, averments by anticipation of assumed defects in the plaintiffs' title to be alleged by the defendant and of the causes which would be relied upon to establish want of title in the defendant are not relevant or essential and are to be disregarded in determin-

ing the question of the jurisdiction of the court as a Federal court. This it is said was expressly decided in *Taylor* v. *Anderson,* 234 U. S. 74, and that case is relied upon as conclusive of this controversy.

But without questioning in the slightest degree the doctrine expounded or the conclusion reached in the *Taylor Case,* we think it can here have no application, since we are of the opinion that the assumption that the cause of action alleged in the bill under consideration is the equivalent of a suit in ejectment is wholly without foundation. We say this because the prayer of the bill makes it clear that the object of the suit was not only the recovery of possession, but also an injunction forever restraining the defendant company from asserting any rights under its lease and from interfering with the rights of the plaintiffs under their lease. Such relief, it is apparent, could be granted only after determining the rights of the parties under their respective leases which would require a construction of the act of Congress referred to as well as a decision concerning the authority of the Secretary of the Interior in approving the defendant company's lease and the effect to be given to such approval.

It is said, however, if the bill be thus construed, the suit is in substance one to quiet title and under the well settled rule such a suit can be brought only by one in possession. *Whitehead* v. *Shattuck,* 138 U. S. 146; *Boston &c. Mining Co.* v. *Montana Ore Co.,* 188 U. S. 632. But this contention overlooks the reason upon which the rule is based, as pointed out in the cases relied upon, which is that one out of possession has an adequate remedy at law by a suit in ejectment. As it is conceded that the legal remedy was not here available, and that there was hence jurisdiction in a court of equity to determine the right of possession, it is clear that the rule has no application and that the court had equitable jurisdiction to determine all the issues presented by the bill.

That the bill as thus construed states a cause of action within the jurisdiction of the court below as a Federal court is in substance conceded and is demonstrated by the ruling in *Wilson Cypress Co.* v. *Del Pozo*, 236 U. S. 635, 643–644.

It follows from what we have said that the court below erred in dismissing the cause for want of jurisdiction as a Federal court, and its decree must be reversed and the cause remanded for further proceedings in conformity with this opinion.

*And it is so ordered.*