### THE TEXAS.

District Court, W. D. New York. June 20, 1928.

1. **Towage** ⊙⊃3—**Limitation to $100 per day of claims for delay under towage contract held reasonable, and binding on owner of vessel aware of tariff.**

Limitation of liability for demurrage for delay under towage tariff to $100 per day, with provision for increase of such liability by payment of increased rate, *held* reasonable and binding on owner of vessel, who was aware of the tariff and its conditions, and became a party to agreement subject to the limitation.

2. **Collision** ⊙⊃136—**Expense of crew held properly disallowed as separate item for collision, where included in damages for loss of use of vessel.**

In libel proceedings against towing company, expense of crew of ship during delay in repairing vessel after collision did not constitute a separate item of damage, but was properly included in loss of use of vessel, where damage was calculated by taking gross market value during time of delay for repairs and allowance, was made for expenses paid or incurred, deducting amount saved because of vessel's idleness.

3. **Collision** ⊙⊃136—**Damages for collision were properly determined by taking gross market value during delay and allowing for expense, with deduction for amount saved through idleness.**

Damages for collision *held* properly determined by taking gross market value during period of delay for repairs, and making allowance for expenses paid or incurred, deducting any amount saved because of vessel's idleness.

4. **Towage** ⊙⊃3—**Limitation of liability on claims for delay under towage tariff held limitation on claim, not on recovery.**

Towage tariff, providing that rates were on condition that no claim for delay should exceed $100 per day, *held* to require application of limitation of liability to claim for delay, and not to amount of recovery, where towage contract gave libelant right to increase limitation by paying higher rate; claim being subject to maritime rule of division of damages.

In Admiralty. Libel by the Great Lakes Transit Corporation against the steam tug Texas, with the Great Lakes Towing Company as claimant. On libelant's exceptions to the commissioner's report of damages. Exceptions overruled, and damages for libelant assessed.

Brown, Ely & Richards, of Buffalo, N. Y. (Laurence E. Coffey, of Buffalo, N. Y., of counsel), for libelant.

Thomas C. Burke, of Buffalo, N. Y. (G. W. Cottrell and Carl A. Schipfer, both of Cleveland, Ohio, of counsel), for claimant.

HAZEL, District Judge. Libelant has filed exceptions (1) to the report of the commissioner disallowing the item of $1,-067.80 for wages of crew of the steamship North Sea during her detention in making repairs in consequence of the mishap mentioned in the interlocutory decree; and (2) because of the determination that the limitation in the Great Lakes Towing Company tariff was not a limitation on recovery, but limitation on any claim for delay. The tariff in force for towage at the time of the mishap provides that the rates for towing are upon condition "that no claim for delay," regardless of the cause of the delay,

for which the Towing Company may be legally liable, shall exceed $100 per day, and also that such limited liability may be increased by payment of an increased rate. The validity of this provision has been sustained by the Circuit Court of Appeals for the Sixth Circuit in Hand & Johnson Tug Line v. Canada S. S. Lines, 281 F. 779. See, also, Reid v. American Express Co., 241 U. S. 554, 36 S. Ct. 712, 60 L. Ed. 1156. [1] In view of these decisions, I must hold that the provision constituted a reasonable limitation of liability for demurrage for delay in the navigation of the North Sea, and, since the owner was aware of the tariff and its conditions and became a party thereto, the restriction was valid against it.

[2, 3] The commissioner correctly ruled that the expense of crew during the delay in repairing the vessel was not a separate item of damage, but was included in the loss of use. He considered the expense for crew and the loss of use of the vessel together, the former merging into the latter, and calculated the damage by taking the gross market value during the time the North Sea was delayed while undergoing repairs. Allowance was made for expenses paid or incurred, deducting any amount saved because of the vessel's idleness. This rule was, I think, properly applied. Tweedie Trading Co. v. Strong & Trowbridge Co. (C. C. A.) 195 F. 929. In Christie & Lowe v. Fane S. S. Co. (C. C. A.) 159 F. 648, it was ruled that an allowance in a collision case for loss of charter money pending repairs and for expenses of crew for wages during the delay was double charge, since such expenses of operation are elements constituting the amount of damage sustained from the loss of the use of the ship. The item of $1,067.80 for wages of crew, therefore, was properly disallowed as a separate basis of recovery.

[4] The next question is whether the commissioner correctly applied the limitation of liability terms to the claim for delay, excluding the claim of recovery. Proctor for libelant urges that the tariff, properly construed, is a limitation upon recovery, and not upon the claim for detention or delay, and invokes the rule usually applied in admiralty, where both vessels are at fault for collision, of applying the limitation rule after the damages have been divided, "or until the balance has been struck." The North Star, 106 U. S. 17, 1 S. Ct. 41, 27 L. Ed. 91. This contention implies that, since the damages for 10¼ days' delay was approximately $6,192.80, the limitation of the tariff, when applied thereto, would entitle libelant

to a flat recovery of $1,025, without division under the interlocutory decree.

But since the contract of towage in the instant case gave to libelant the right to increase the limitation to any amount above the $100 per day by paying a higher rate for the towage service rendered, I am persuaded that the commissioner properly rejected this view, and that the rule of The North Star does not apply. In that case the limitation of liability was based upon the long-existing maritime rule of division of damages for a joint fault, while the legal relations established by the tariff and the specific limitation to any claim for delay demands a different apportionment, and one in accord with the "valuation rule" applied in the Reid Case, supra, and in Union Pac. R. Co. v. Burke, 255 U. S. 317, 41 S. Ct. 283, 65 L. Ed. 656. As well said by the commissioner:

"To apply the limitation to the recovery instead of to the claim would, in case of a division of damages, be to allow a claim for $200 per day, and then to divide the damages upon that basis and this is prohibited by the plain language of the provision."

The exceptions are overruled, and respondent must pay one-half of the total damages for repairs, loss of use, and interest, or $3,398.49.