### BROWNE et al. v. POOL et al.
### No. 2939.

Circuit Court of Appeals, Fourth Circuit.

Oct. 21, 1930.

George H. Browne, of Dumbarton, Va. (T. Julian Warren, of Raleigh, N. C., on the brief), for appellants.

Josiah W. Bailey, of Raleigh, N. C. (J. R. Williams, of Clayton, N. C., and James H. Pou and James H. Pou, Jr., both of Raleigh, N. C., on the brief), for appellees Victoria Pool and R. W. and Mrs. R. W. Sanders.

Before NORTHCOTT, Circuit Judge, and GRONER and McCLINTIC, District Judges.

PER CURIAM.

Plaintiffs filed their bill of complaint in the District Court of the United States for the Eastern District of North Carolina at Raleigh, alleging that they were owners of tracts of land lying and being in the counties of Wake and Johnston, N. C.; that during the year 1911 they had leased a part of these lands to Nathan R. Pool, husband of the defendant Victoria Pool and father of the defendant A. Vaughn Pool, and another part to William Sanders, father of the defendant R. W. Sanders; that, after the death of the said Nathan R. Pool and William Sanders, the widow and heirs of "both of said deceased tenants claimed as owners the property belonging to complainants adjoining their other lands, and refuse to deliver them up into the possession of your orator and oratrix although often requested so to do." The bill further alleges that the plaintiffs are without adequate remedy at law because of the multiplicity of suits that would be necessary to determine their rights, and that they are entitled to have the title to the land cleared and freed from any cloud, and they prayed that the defendants be restrained from interfering with them in establishing their boundaries, that a decree pass adjudging plaintiffs to be entitled to the property in fee simple, and that they be put in possession. The bill made one William P. Aycock also a party defendant on the ground that, as judge of the county court of Johnston county, he had issued a criminal warrant for the arrest of complainants, and had imprisoned them for trespass on the land, and had issued an injunction restraining them from further trespass on the land. The bill asks for a temporary restraining order preventing the county court, or the judge thereof, from enforcing the judgment of restraint. Three other defendants were named who were said to be nonresidents, and not within the jurisdiction of the court, and against whom service by publication was prayed.

The defendants Victoria Pool and R. W. Sanders and wife moved to dismiss the bill of complaint on the ground that it failed to disclose the jurisdictional amount; that, if plaintiffs had a cause of action, it was at law

and not in equity; that the bill failed to show a cause cognizable· in equity; and on other grounds which we think it is unnecessary to name.

The defendant Aycock filed an answer denying the material allegations of the bill as to himself, and alleging that whatever was done and performed by him, as alleged in the bill, was done strictly in pursuance of· the rights, powers, and duties enjoined upon him by law as a judge of a court of the state of North Carolina, and that all judgments rendered by him in any proceedings had before him.remained unchallenged and unappealed from, and, as the judgments of a court of competent.jurisdiction of a sovereign state, were entitled to full faith and credit.

The District Court, after full argument, entered a decree dismissing the bill on the ground that the same did·not disclose any equitable right of action against the defendants Pool and Sanders, alleged to be in possession of the lands, and that there was no equity stated in the bill as to defendant Aycock. The record does not show whether publication was had against the other defendants.

We think the action of the District Court was clearly right. The object of the plaintiffs' bill.and its purpose was to obtain possession of property which they claim to own, and which they claim to be in adverse possession of the defendants Pool and Sanders. The only decree the court could enter under the pleadings would be a decree for possession of the lands, and that the plaintiffs be put in possession, and that relief a court of law is competent to grant. Plaintiffs, in their bill, claim legal title to the land. If they are able to maintain this title, they can turn defendants out of possession, but a court of law is the forum in which to litigate their rights. Their remedy is by action of ejectment, and not by suit in equity. It is quite true, as we observe in reading the bill, that it seeks to quiet title to the property in question in the plaintiffs, but the plaintiffs are admittedly out of possession of the property, and, except under very exceptional circumstances, none of which are shown to exist in this case, or except by·consent, which is lacking, a federal court has no jurisdiction in an equity cause, at the instance of one out of possession, to entertain a bill to quiet title, and this is always true where there is a complete remedy at law. See Twist v. Prairie Oil Co., 274 U. S. 684, 691, 47 S. Ct. 755, 71 L. Ed. 1297; Whitehead v. Shattuck, 138 U. S. 146, 11 S. Ct. 276, 34 L. Ed. 873; Lancaster v. Kathleen Oil Co., 241 U. S. 551, 36 S. Ct. 711, 60 L. Ed. 1161.

Appeal dismissed, with costs.

Dismissed.