LANSINGER ET AL., APPELLEES, *v.* UNITED PETROLEUM CORPORATION ET AL., APPELLANTS.

(No. 1348—Decided April 2, 1984.)

*Mr. Gerald B. Graham,* for appellees.

*Mr. W. Dallas Woodall,* for appellant United Petroleum Corp.

COOK, P.J. On May 27, 1971, appellees, Mamie Lansinger, Marvin and Birgit Lansinger, Lucille and Paul May, and Margaret and Bernard Paul, owners of eighty-eight acres of farmland in Freedom Township, executed oil and gas leases with Pennzoil Company, f.k.a. Pennzoil United, Inc. The primary term of the lease was for ten years, and the second term was for as long as oil or gas was produced.

Pennzoil did not exercise its right to drill under the lease but made "delay rental payments" as provided for in the lease.

In February 1977, Pennzoil entered into a "farm-out" agreement with appellant, United Petroleum Corporation, which was an agreement by Pennzoil to assign its oil and gas drilling rights on said property if appellant commenced drilling a test well on or before May 24, 1977, supplied certain reports to Pennzoil, including a report on completion progress, drilled other wells within ninety days after completion of the first well, and completed a well capable of producing oil and/or gas in marketable quantities. Only then, under the agreement, was appellant entitled to an assignment of the oil and gas lease on the subject property from Pennzoil.

Later in 1977, appellant entered appellees' property to begin drilling, installing casing and pipe a depth of four thousand five hundred feet at the well

site at a cost of $65,000, but the well was never hydraulically fractured, no equipment necessary for production was ever put into place. In 1979, appellant was adjudicated as bankrupt. In May 1980, a plan of reorganization was confirmed and appellant's assets were transferred to the present owners. In 1981, appellees demanded Pennzoil surrender the oil and gas leases which, in July 1981, was done by Pennzoil.

Appellees filed an action against appellant, Pennzoil, and Energy Resources, Ltd., seeking a declaratory judgment that the companies had no interest in appellees' property. Appellees later amended their complaint to include a claim for property damage and a claim of abandonment of certain personal property, but said issues are not involved in the instant appeal. The case was consolidated with *Farrell* v. *Pennzoil Company,* case No. 82 CV 0272, for trial. Upon the trial of the equitable issues, the court quieted title in all respects in the properties in favor of appellees. The court found there was no just cause for delay.

Appellant has appealed the judgment of the trial court and has filed the following four assignments of error:

"1. The trial court erred to the prejudice of appellant in determining that Pennzoil surrendered the lease.

"2. The trial court erred to United Petroleum's prejudice by holding that the lease expired at the end of the primary term.

"3. The trial court erred to appellant's prejudice by failing to grant a reasonable extension of time in which to complete drilling and begin production.

"4. The court below erred to appellant's prejudice in granting equitable relief without ascertaining the availability of a legal remedy."

The assigned errors are without merit.

Due to the fact that appellant did not fulfill the conditions set forth in the farm-out agreement, Pennzoil did not assign the leases to appellant. Appellant was over six weeks late in drilling the test well, no additional wells were subsequently drilled, and the well drilled by appellant was never completed so that it was capable of producing oil and gas.

Accordingly, appellant obtained no leasehold interest in appellees' property. The leasehold interest remained in Pennzoil. Since the first term of the lease had expired and there was no oil or gas being produced, appellees' leases to Pennzoil expired and Pennzoil properly surrendered the leases.

Appellant contends the court erred in not giving it a reasonable time in which to complete its operations since they had already incurred considerable expenses and because completion would be beneficial both to appellant and appellees.

However, in the instant cause, appellant drilled the test well in July 1977 but had done nothing in the subsequent four years to complete the well for production purposes. Appellant already had had a reasonable time to make the well operational.

In the farm-out agreement, appellant, as one of the conditions to having Pennzoil assign the gas and oil leases to it, was to complete a well capable of producing oil and/or gas in marketable quantities. Appellant drilled a well but had not produced any oil or gas. In *Murdock-West Co.* v. *Logan* (1904), 69 Ohio St. 514, the court, faced with similar facts, at 519-520, stated:

"* * * In order to continue their lease beyond the stipulated time it was necessary for the lessees to *find* oil in *paying* quantities. For this purpose it was not sufficient to complete a well having some indications of oil, or a well which might be developed into a well producing oil in payable quantities, but the lessees must actually find oil in paying quantities and this is the same as ob-

taining and producing it in paying quantities." (Emphasis *sic*.)

As with the lessee in *Murdock-West,* the appellant had not found oil in paying quantities. In fact, its test well had produced no oil. The mere likelihood of the existence of oil was not sufficient to extend the lease into the second term.

Under these circumstances, we conclude the trial court did not err in not extending appellant the time in which to complete its operations.

Last, appellant contends the court erred in quieting title in appellees' favor without ascertaining the availability of a legal remedy. Appellant argues appellees did not allege in their complaint that it had no adequate remedy at law, and the court did not so find before quieting title in appellees' names.

R.C. 5303.01 provides, in pertinent part:

"An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest. * * *"

An averment that the complainant has not had an adequate remedy by way of action at law is unnecessary. *Gage* v. *Kaufman* (1890), 133 U.S. 471.

A decree quieting title may be accorded where the complainant shows, in addition to the other requisites of a cause of action, that a remedy at law is lacking (*Lancaster* v. *Kathleen Oil Co.* [1916], 241 U.S. 551) or that such remedies as may be availed by action at law are inadequate to afford relief (*Louisville & N. RR. Co.* v. *Western Union Tel. Co.* [1914], 234 U.S. 369).

In the instant cause, complainant showed that it had no adequate remedy at law. Appellees had leased the property to Pennzoil Company, f.k.a. Pennzoil United, Inc. At the end of the primary term of ten years, Pennzoil had not drilled a well which was producing oil or gas, as required by the lease. Pennzoil

surrendered the lease to appellees. Appellees were in possession of the subject property but wished to quiet title as to any interest appellant might have as a result of its "farm-out" agreement with Pennzoil. Appellees had no remedy at law but had to attempt to quiet title, in equity, to the subject property. The judgment of the trial court is affirmed.

*Judgment affirmed.*

DAHLING and FORD, JJ., concur.